

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Jane Doe, immigrant worker<br>Plaintiff | Case Number    No. 3:24-cv-1284 |
| v.<br>Brooks Automation US LLC | District Judge Eli J. Richardson |
| Defendant | |

------------------------------------------------------------

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR EXTENSION OF TIME

**To the Honorable Court:**

Plaintiff, Jane Doe, respectfully submits this response Defendant Brooks Automation US LLC's request for a 30-day extension to respond in this matter. Plaintiff believes granting this extension would cause undue harm, as the request appears to be made solely for the purpose of delay.

**Response to Defendant's Request for Additional Time**

1. **Littler Law Firm Representation**: The Littler law firm has represented the defendant during EEOC proceedings and continues to represent them in the DOJ Immigrant and Employee Rights (IER) Section since February 2023. Defendant's counsel is fully familiar with the allegations and facts in this case, negating the need for additional time.

2. **Consistency of Allegations**: The factual allegations remain unchanged from the EEOC and DOJ IER proceedings, providing the defendant with ample time to prepare. Defendant's request for an extension is unnecessary and prejudicial to Plaintiff.

3. **Defendant's Shifting Responses**: Defendant has repeatedly altered their responses in prior proceedings to obscure and cover up their unlawful actions against Plaintiff. Plaintiff has submitted evidence to counter Defendant's pretexts and inconsistencies, underscoring the lack of justification for additional delay.

4. **Immigrant Worker Challenges**: As an immigrant worker, Plaintiff's visa petitions are generally valued for a three-year period, while EEOC case processing times often extend as long as seven years may be longer, as seen in the **Whirlpool v. EEOC case** in the Nashville court. Unreasonable delays jeopardize Plaintiff's ability to seek timely justice.

5.  **Extensions Already Granted**: Defendant has previously been granted multiple 30-day extensions during both the EEOC and DOJ IER processes, which further contributed to delays and undermined Plaintiff's ability to achieve timely justice.

6.  **No Legitimate Basis for Additional Time**: Defendant's attorneys have been involved since the initial EEOC proceedings and are fully aware of the allegations and evidence. The issues in this case are not new, and Defendant has had ample time to prepare their response.

## II. Concerns Regarding Defendant's Conduct

To ensure the fairness and integrity of these proceedings, Plaintiff respectfully requests the following

7.  **Documented History of Misconduct**: Defendant has a documented history of misconduct during prior proceedings with the EEOC, where they allegedly colluded with EEOC staff to fabricate and submit false evidence. Specific incidents include:

8   **Falsified Employee Count**: Defendant misrepresented its employee count to the EEOC, falsely claiming fewer than 15 employees, despite clear evidence showing that Brooks Automation employs over 2,500 individuals. Plaintiff provided supporting documentation to the EEOC, yet these discrepancies were ignored, enabling Defendant to evade accountability under Title VII protections.

9   **Misleading Position Statement**: Defendant submitted fabricated evidence to the EEOC to misrepresent material facts and deflect accountability for their discriminatory actions. These misrepresentations were crafted to create a false narrative and undermine Plaintiff's claims, a tactic that Defendant could replicate in the present case.

## III. Risk of Witness Influence and Fabrication of Evidence

10. **Influence on Witnesses Through Contractual Obligations:** Defendant's substantial business relationships with multimillion-dollar vendors and contractors create an unfair opportunity for undue influence. Many of these contractors, who may serve as witnesses or hold critical evidence, could feel pressured due to their financial reliance on Defendant. This dynamic increases the likelihood that these witnesses may act under the influence of Defendant's contractual leverage, skewing the fairness of the proceedings.

11. **Creation of Pretextual Evidence:** Plaintiff contends that Defendant's previous actions in fabricating evidence during EEOC proceedings demonstrate a capacity and willingness to create pretextual justifications for their actions. This concern is heightened by the Defendant's established access to witness networks and contractual arrangements that could facilitate the fabrication of documents or statements to undermine Plaintiff's claims.

12. **Amplified Risks with Additional Time:** Allowing Defendant additional time to prepare their response or granting them unrestricted access to sensitive filings would provide them with an unfair opportunity to exploit these risks, further compromising the integrity of the proceedings.

13. **Summons Return Acknowledgment - Certified Green Card Incident:** The plaintiff sent the summons via certified USPS mail with a return receipt requested. To Plaintiff's surprise, the

green card was collected in person by some unknown person at a local post office in Billerica, MA, within two hours of delivery providing the defendant's address with plaintiff's name. This unusual action raises significant concerns. The Plaintiff is working with USPS to investigate the matter further and will provide additional evidence as it becomes available. The plaintiff provided alternative evidence from USPS to proof of summons serviced.

14. **No Legitimate Basis for Additional Time:** The allegations in this case have been thoroughly detailed, and the Defendant has already had ample time to prepare a response, as these issues were addressed during EEOC proceedings. The defendant's current attorney also represented them in those proceedings and is fully aware of the allegations. An extension is therefore unnecessary and prejudicial to Plaintiff.

## IV. Plaintiff's Request for Relief

For the reasons stated above, Plaintiff respectfully requests the Court:

15. Preservation of Records: Request the court to ensure that the defendant retains all relevant facts and records, particularly to prevent any unreasonable or prejudicial actions during the case.

16. Order to Preserve Evidence and Protect Witnesses: Request the issuance of an order compelling the defendant to preserve all relevant evidence and refrain from contacting or attempting to influence witnesses.

17. Affidavit of Evidence Integrity: Require the defendant to file an affidavit certifying that no evidence has been destroyed, altered, or fabricated during the pendency of this case. As a pro se plaintiff facing significant challenges in accessing justice, it is crucial to prevent the submission of false documentation or manipulation of evidence.

18. **Acknowledgment of False Reporting:** Plaintiff respectfully requests the Court to address the defendant's false reporting to the EEOC, where Brooks Automation inaccurately claimed that it employed fewer than 15 individuals. This misrepresentation occurred following the involvement of Littler attorneys, Mr. Ethan D. Balsam and Ms. Morgan Kinney, in the EEOC proceedings. Plaintiff urges the Court to require sworn statements from these attorneys regarding their potential involvement in submitting or supporting this false information. Should their involvement be substantiated, Plaintiff further requests that the Court disqualify them from representing the defendant in this matter to ensure the integrity of the proceedings.

19. In the event the Court grants any privileges, Plaintiff respectfully requests that strict conditions be imposed to ensure the integrity of the evidence and the fairness of these proceedings.

## V. Conclusion

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendant's request for additional time. However, should the Court grant any extension, Plaintiff urges the Court to impose appropriate safeguards to prevent further misconduct and ensure the fairness and integrity of these proceedings.

Respectfully submitted

*Jane Doe* 11/18/2024

Jane Doe

## CERTIFICATE OF SERVICE

I, Jane Doe, hereby certify that on this 18th day of November, 2024, served on the following defendant council via U.S. regular mail:

**LITTLER MENDELSON, P.C.**

*/s/ Michael S. Moschel*

Michael S. Moschel (Bar No. 016826)

mmoschel@littler.com

333 Commerce Street, Suite 1450

Nashville, Tennessee 37201

Telephone: (615) 514-4124

Facsimile: (615) 250-4862