IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>vs.<br><br>BROOKS AUTOMATION US LLC,<br><br>        Defendant. | Case No. 3:24-cv-1284<br><br>Judge Richardson |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND TO SEAL EXHIBITS AND SENSITIVE COMPLAINT INFORMATION

"Jane Doe" (hereinafter "Plaintiff) seeks to proceed in raising allegations against Brooks Automation (hereinafter "Defendant") under pseudonym and seeks to seal portions of her Complaint and accompanying Exhibits A through K.[1] Plaintiff's Motion fails to explain how or why any of the information included in those documents could expose her to new or exceptional risks. Further, nothing in Plaintiff's Complaint or Motion appropriately relies on legal authority to support her proceeding under a pseudonym or under seal. Thus, Defendant respectfully submits that Plaintiff's motion should be denied in its entirety.

---

[1] Plaintiff subsequently filed a document titled "Exhibit M" in conjunction with her Opposition to Defendant's Motion for Extension of Time to Respond to the Complaint. As of the date of this filing, Defendant has not yet received a copy of Exhibit M and based on the title of the filed opposition it is unclear whether the exhibit is included as part of Plaintiff's Complaint or her Opposition. Plaintiff has represented to counsel for Defendant that the filing is a copy of the Position Statement Defendant Brooks submitted to the EEOC at the administrative phase and that it "does not contain any new information or relate to the original submission in any substantial way." As Plaintiff has provided no additional support which otherwise might support another document being filed under seal, Defendant opposes any such efforts by Plaintiff to unnecessarily seal this document in an apparent effort to litigate this entire matter under seal. (*See* Exhibit A, Email Exchange).

## FACTUAL BACKGROUND

On October 28, 2024, Plaintiff filed a Complaint for Employment Discrimination against Defendant, alleging Defendant discriminated against her under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117, Immigration and Labor Law, and Massachusetts General Laws Chapter 149, Section 52c. (Compl. 3, ECF No. 1). Specifically, Plaintiff alleges that from June 2022 to August 2024, Defendant discriminated against her during her employment with Defendant, she suffered from harassment, and endured retaliation both pre- and post-termination. (Compl. 5).

Plaintiff began employment with Defendant in September 2021. (Compl. 6). Plaintiff was placed on garden leave from October 31, 2022, through March 1, 2023, when her employment ended. (Compl. 7-8). Plaintiff alleges she experienced "retaliation and harassment after raising concerns about discriminatory practices" by Defendant. (*Id*.). Plaintiff specifically alleges that she experienced "targeted harassment and discrimination based on her gender, national origin, and physical disability." (Compl. 7). Further, Plaintiff alleges Defendant "failed to maintain equitable workplace practices, fostering a retaliatory and toxic work environment." (*Id*. at 7). Plaintiff's specific claims are as follows: gender-based discrimination allegedly present in Defendant's hiring practices (*id*.); disability discrimination due to a photo being taken without her, (*id*. at 8); gender-based wage discrimination (*id*. at 9); retaliation with respect to processing Plaintiff's Card (*id*. at 9); breach of contract related to equity compensation and green card sponsorship (*id*.); and defamation (*Id*. at 10). Plaintiff also raises allegations claiming Defendant made intentional misrepresentations to the EEOC. (*Id*. at 8).

On March 10, 2024, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) regarding Defendant's alleged discriminatory conduct. (Compl. Ex. L at 2).

The EEOC, citing both the circumstances alleged in Plaintiff's case and the EEOC's current workload, concluded they would not be able to timely process Plaintiff's charge within 180 days of the filing date. (*Id*. at 150). On July 31, 2024, the EEOC issued Plaintiff a Notice of Right to Sue. (*Id.* at 150). Plaintiff thereafter filed her October 28, 2024, Complaint and simultaneously filed the presently opposed Motion to Proceed Under Pseudonym and to Seal Exhibits and Sensitive Complaint Information.

**ARGUMENT**

I. **Plaintiff Should Not Be Permitted to Litigate Her Claims Under a Pseudonym**

   A. **Rule 10(A) Requires All Parties to Be Named**

The Federal Rules of Civil Procedure require pleadings to contain the names of all parties. *See* Fed. R. Civ. P. 10(a). This creates a presumption against the use of a pseudonym, because such use "runs afoul of the public's common law right of access to judicial proceedings," *Ramsbottom v. Ashton*, Case No. 3:21-cv-00272, at *4 (M.D. Tenn. Jun. 28, 2021) (Mem. & Order Vacating May 10, 2021 Order, ECF No. 59) (citing *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (internal citations omitted.)) "Public access to this information is more than a customary procedural formality," as the purpose of Rule 10(a) is to safeguard First Amendment guarantees and the public's interest in open access to judicial proceedings. *Doe v. Lee*, 3:22-cv-00569, at *3 (M.D. Tenn. Mar. 21, 2023) (Order Denying Mot. to Proceed Under Pseudonym, ECF No. 34) (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980))). Thus, any party who chooses to bring a grievance in federal court must accept that, in doing so, they are surrendering their privacy to the public's "right to know who is using their courts." *Id*. (quoting *Ericksen v. United States*, No. 16-cv-13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017) (internal citations omitted)).

### B. Exceptions to Rule 10(A) Are Reserved For "Exceptional Cases"

Only in "exceptional cases" will the normal practice of disclosing the parties' identities yield to a policy of protecting privacy in a very private matter. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (recognizing that the Court "may excuse plaintiffs from identifying themselves in certain circumstances" where "privacy interests substantially outweigh the presumption of open judicial proceedings."). This Court primarily relies on the factors established in *Porter* to determine whether such an exceptional case exists. These factors are:

(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;

(2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy;"

(3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and

(4) whether the plaintiffs are children.

*Id*. at 560 (citing *Stegall*, 653 F.2d at 185-86). In its assessment, this Court has also considered other factors, such as "whether the plaintiff would risk harm if identified" *Doe v. Lee*, 3:22-cv-00569, at *4 (M.D. Tenn. Mar. 21, 2023), and whether plaintiff's anonymity would prejudice other parties by forcing them "to proceed with insufficient information to present their arguments . . . ." *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636 (6th Cir. 2005)(citing *Porter*, 370 F.3d at 561).

### C. Plaintiff's Claims Are Not Exceptional to Warrant a Pseudonym

#### 1. Plaintiff Is Not a Child and the Claims Against Brooks Do Not Implicate Government Activity or Illegal Conduct

Three of the four factors considered in *Porter* do not apply here. First, Plaintiff does not allege that she is a minor. Second, Plaintiff alleges that Defendant engaged in acts of employment

4

Case 3:24-cv-01284   Document 18   Filed 11/25/24   Page 4 of 12 PageID #: 215

discrimination, (Compl. 3), and the allegations do not implicate a challenge to governmental activity. Finally, nothing in the Complaint indicates that litigation would compel Plaintiff to disclose an intention to violate the law or put her at risk of criminal prosecution. Instead, Plaintiff merely alleges concern with professional reputation and wants to avoid additional scrutiny, which might compromise her standing within her industry. (Motion to Proceed Under Pseudonym (Pl.'s Mot. 2, ECF No. 2).

### 2. Plaintiff's Claims Do Not Implicate Information "of the Utmost Intimacy"

Similarly, Plaintiff has failed to show that pursuing her claims publicly would implicate information "of the utmost intimacy." In seeking to proceed under pseudonym, Plaintiff vaguely cites to risk of "further retaliation," "emotional distress," and exacerbated harm to employment opportunities and her reputation. (Pl.'s Mot. 2). Plaintiff claims there is legal precedent to support her claim for pseudonymity but fails to cite any case law which would support such a finding. (*Id.* at 3.) This is likely because there is no support for the contention that a standard employment discrimination claim implicates highly sensitive private matters, sufficient to justify a request for anonymity. Indeed, this court has found that employment discrimination cases generally do not provide exceptional circumstances overcoming the strong presumption that parties to a lawsuit must proceed under their own names. *See e.g., Doe v. The Metro. Gov't of Nashville & Davidson Cnty.*, Civil 3:20-cv-01023, at *9 (M.D. Tenn. June 24, 2022) (Order Granting Mot. to Remove Pseudonym, ECF No. 135) (granting a Motion to Remove the Pseudonym noting that "this case is a relatively straightforward employment discrimination lawsuit").

### 3. Plaintiff Would Not Risk Harm if Identified and Her Pseudonymity Would Present Unfair Prejudices to Defendant

If the Court were to look beyond the *Porter* factors, Plaintiff's concerns of retaliation and other harms are still too vague to support a cause for pseudonymity. Here, Plaintiff fails to make

5

clear how this litigation will present a specific risk of personal harm and courts have found general allegations of risk inadequate to justify anonymity. *Compare Doe v. Lee*, 599 F. Supp. 3d 701, 704 (M.D. Tenn. 2022) (denying motion where plaintiff failed to demonstrate that fear was based in specific evidence to support fear of retaliation besides general scholarly evidence) *and Doe #11 v. Lee*, No. 3:22-CV-00338, 2023 WL 1929996, at *5 (M.D. Tenn. Feb. 10, 2023) (finding that, "when a plaintiff seeks to proceed under a pseudonym, he or she must demonstrate a risk of actual harm; in other words, generalized fear based on statistics without more is insufficient") *with John Does 1-4 v. Snyder*, Cases No. 12-11194, 2012 WL 1344412, at *2 (E.D. Mich, Apr. 18, 2012)(granting unopposed motion after finding that plaintiff had demonstrated that fear was based in specific evidence based on comments on a news article regarding sex offenders and a past death threat).

While Plaintiff's Motion touches on her fear of potential reputational harm, (Pl.'s Mot. 1), again, this is insufficient. "Generally, courts have found that a plaintiff's allegations that proceeding publicly would cause embarrassment and humiliation, standing alone, are not sufficient to justify permitting a plaintiff to proceed under a pseudonym." *Doe v. Lee*, 3:22-cv-00569, at *10 (quoting *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *7 (M.D. Tenn. Oct. 29, 2021)). A speculative argument about potential harm is likewise inadequate to warrant granting anonymity. *See e.g.*, *Doe v. Lee*, 599 F. Supp. 3d 701, 704 (M.D. Tenn. 2022) (rejecting plaintiff's speculative claims of harm to employment prospects because he had not presented evidence that he would lose or be unable to find employment due to his identification).

Further, courts are wary to allow one-sided anonymity. *See, Ramsbottom*, 3:21-cv-00272, at *10 ("[b]y keeping Jane Doe's identity confidential while the defendants' is known, 'information about only one side may thus come to light,' not only prejudicing the […] defendants, but also

6

Case 3:24-cv-01284   Document 18   Filed 11/25/24   Page 6 of 12 PageID #: 217

hindering 'the judicial interest in accurate fact-finding and fair adjudication.'") (citing *Del Rio*, 241 F.R.D. 154, at 159).  The public nature of the proceedings which may arise in this matter and Defendant's need to defend itself publicly before the Court could have negative implications for Defendant leading to immeasurable reputational damage that would be harder to mitigate while Plaintiff is allowed to remain anonymous.  *See Ramsbottom*, 3:21-cv-00272, at *9 (citing *Rapp v. Fowler*, No. 20-CV-9586 (LAK), 2021 WL 1738349, at *6 (S.D.N.Y. May 3, 2021)).

II. **Plaintiff Has Not Overcome the Strong Presumption of Public Access Because the Information at Issue Does Not Warrant Sealing**

Plaintiff has not only failed to articulate facts justifying proceeding under a pseudonym, but she has also failed to demonstrate a justification for sealing documents submitted in support of her complaint.  Fundamentally, members of the public have a "presumptive right of the public to inspect and copy judicial documents and files." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983).  If the facts of a case warrant such action, this Court may exercise its discretion to seal sensitive portions of the record in order to protect legitimate privacy interests. *See Brown Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983).  Generally, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . is typically enough to cover the presumption of [public] access." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)).

The party filing the motion seeking the sealing of documents bears the burden of demonstrating the bases for restricting public access citing to, in this case, Sixth Circuit authority in the memorandum of law accompanying its motion to seal. *Davis v. Gilead Scis., Inc.*, Case No. 3:20-cv-00619, 6 n.5 (M.D. Tenn. May. 18, 2021) (Order Granting Protective Order).  The moving

party's burden is heavy, as this Court has held a "strong presumption in favor of openness." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson*, 710 F.2d at 1179). To surmount this strong presumption, the moving party must demonstrate the following: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 Fed. Appx. 635, 637 (6th Cir. 2019).

Further, the proponent of sealing must provide compelling, narrowly tailored reasons for sealing by "analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305-06 (quoting *Baxter*, 297 F.3d at 548). Plaintiff fails to provide compelling, narrowly tailored reasons as to why this Court should find the interest in sealing outweighs the public's interest in accessing the records. Specifically, Plaintiff fails to satisfy her burden of analyzing, document by document, the sensitivities of each document she is seeking to seal. Instead, Plaintiff claims that Exhibits A through K, all contain "sensitive personal information, proprietary corporate data, and private employment records." (Pl.'s Mot. 3). Plaintiff also claims that Section D of the Complaint includes sensitive health information which needs to be sealed for privacy reasons. *Id*. Other than these generalizations, Plaintiff fails to make clear how each document independently warrants sealing, and the basis for each.

> **A.  Exhibit A Through F and I Through K Do Not Contain Information That Compromises Plaintiff's Legitimate Privacy Interests**

Exhibits A through F and I through K contain several different corporate documents, including internal and external emails between coworkers and clients, compensation information, employment records, and business policy documents. (Compl. Exs. A-F & I-K). These documents mainly consist of work-related discussions, and do not mention or reference any personally

sensitive information which may compromise Plaintiff's legitimate privacy interests. This request falls short of the required demonstration of a "clearly defined and serious injury." *Kondash*, 767 F. App'x. at 639. Further, Plaintiff claims that these documents contain "proprietary corporate data," and should therefore be deemed sensitive enough to require a seal. (Pl.'s Mot. 3). However, Defendant, the corporation whose data Plaintiff is concerned with protecting, takes no issue with making this limited information available to the public. *See Brown & Williamson*, 710 F.2d at 1180 ("[A] court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records."). Thus, Plaintiff's motion for sealing Exhibits A through F and I through K should be denied.

### B. Exhibit G Contains Publicly Available Information

Plaintiff seeks to seal Exhibit G, which consists of publicly available demographic information and other publicly available business information concerning Defendant. (Compl. Ex. G). These documents are mainly screen grabs or downloads of public web pages profiling or otherwise discussing Defendant and/or its staff. This information is made available to anyone with internet access, and thus does not compromise any party's legitimate privacy interests. *See Univ. of Tenn. Research Found. v. Caelum Biosciences, Inc.*, 3:19-CV-508-CEA-DCP, at 10 (E.D. Tenn. Jan. 16, 2024) (Order to Seal Conf. Info., ECF No. 496) ("The Court will not seal information that is already public.") Because there is no compelling reason to seal these documents, the Court should deny Plaintiff's motion to seal Exhibit G.

### C. Complaint Form Section D Does Not Contain Information That Compromises Plaintiff's Legitimate Privacy Interests

Plaintiff seeks to seal Section D of the Complaint Form which describes the bases on which she alleges Defendant discriminated against her, namely "gender/sex" and "disability or perceived disability." (Compl. 4). Section D of the Complaint Form merely describes Plaintiff's claimed

functional limitations based on prior illness, a physical limitation that Plaintiff claims is visibly to anyone who observes her walk. It is unclear how this physical manifestation of an unspecified medical condition presents sensitive personal information which would otherwise warranting sealing the basis for her entire complaint and proceeding under a pseudonym. Interestingly, Plaintiff is not seeking to seal Exhibit L of the Complaint, which is the Charge of Discrimination she filed with the EEOC on March 10, 2024. (Compl. Ex. L). The statement in Exhibit L contains similar, if not more, sensitive private information than what she is seeking to be sealed in Section D of the Complaint. (Compl. Ex. L at 2). As such, the information Plaintiff is claiming to be so sensitive as to pose risks to her privacy has already been compromised in some way by Plaintiff herself. Thus, this Court should deny Plaintiff's motion to seal Section D of the Complaint Form.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to proceed under pseudonym and to seal, and the Complaint should remain publicly available in its entirety.

Dated: November 25, 2024                    Respectfully submitted,

**LITTLER MENDELSON, P.C.**

*/s/ Michael S. Moschel*
Michael S. Moschel (Bar No. 016826)
mmoschel@littler.com
333 Commerce Street, Suite 1450
Nashville, Tennessee 37201
Telephone: (615) 514-4124
Facsimile: (615) 250-4862

Ethan D. Balsam (*Admitte*d *Pro Hac Vice*)
ebalsam@littler.com
Morgan Kinney (*Admitted Pro Hac Vice)*
mkinney@littler.com
815 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20006
Telephone: (202) 842-3400
Facsimile: (202) 841.0011

*Attorneys for Defendant*
*Brooks Automation US, LLC*

# CERTIFICATE OF SERVICE

    I, Michael S. Moschel, hereby certify that on this 25th day of November, 2024, the foregoing Opposition to Plaintiff's Motion to Proceed under Pseudonym and to Seal Exhibits and Sensitive Complaint Information was filed electronically using the ECF system and served on the following individual via U.S. regular mail:

Jane Doe
201 Gillespie Drive
Apartment #8206
Franklin, Tennessee 37067

*Pro Se Plaintiff*

                        */s/ Michael S. Moschel*
                        Michael S. Moschel