UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE - 1284,<br><br>    Plaintiff,<br><br>v.<br><br>BROOKS AUTOMATION US LLC,<br><br>    Defendant. | Case No. 3:24-cv-01284<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This employment discrimination action arises out of pro se Plaintiff Jane Doe's employment with Defendant Brooks Automation US, LLC (Brooks). (Doc. No. 1.) This Memorandum Order addresses Doe's motion for leave to proceed under a pseudonym and to file a portion of her complaint and all its attachments under seal (Doc. No. 2), Doe's motions for leave to file other documents under seal (Doc. Nos. 13, 34, 38, 49), and Brooks's motion for leave to file exhibits to its motion to dismiss under seal (Doc. No. 29).

For the reasons that follow, Doe's motion to proceed under a pseudonym and motions to seal will be denied and Brooks's motion to seal will be granted in part and found moot in part.

**I.    Relevant Background**

Doe initiated this action on October 28, 2024, by filing a pro se complaint against Brooks alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e–2000e-17, the Americans with Disabilities Act of 1990 (ADA), *id.* §§ 12112–12117, federal immigration and labor laws, and Massachusetts law. (Doc. No. 1.) Doe alleges that, while working at Brooks, she "experienc[ed] targeted harassment and discrimination based on her gender, national origin, and physical disability[.]" (*Id.* at PageID# 7,

¶ 14.) Specifically, she asserts Title VII and ADA claims based on alleged gender discrimination in Brooks's hiring practices, retaliatory reassignment of her work responsibilities, verbal harassment, exclusion from a group photo due to her disability, and reputational harassment and defamation. (Doc. No. 1.) Doe alleges that she "was coerced into accepting the terms" of a "garden leave" "to avoid forfeiting her annual bonus and risking her work visa status." (*Id.* at PageID# 8, ¶ 17.) She further alleges that Brooks "delayed [her] green card process and ultimately halted it in retaliation for [Doe's] engagement in [ ] activities" protected by federal law. (*Id.* at PageID# 9, ¶ 22.) Doe states that Brooks "forced termination" of her employment and that her manager and another employee continued to defame her after her employment with Brooks ended. (*Id.* at PageID# 9–10.) Her complaint seeks compensatory and punitive damages and injunctive relief. (Doc. No. 1.)

Doe filed a motion for leave to proceed under a pseudonym and to seal part of her complaint and its exhibits with her complaint. (Doc. No. 2.) On November 18, 2024, Doe filed a second motion asking for leave to file documents under seal (Doc. No. 13) and an additional proposed sealed exhibit to her complaint (Doc. No. 14).

Brooks appeared and responded in opposition to Doe's motion for leave to proceed under a pseudonym and motions for leave to file documents under seal. (Doc. No. 18.) Doe filed a reply in support of her motions. (Doc. No. 23.)

On December 23, 2024, Brooks filed a motion to dismiss Doe's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. (Doc. No. 27.) In support of its motion to dismiss, Brooks filed a memorandum of law (Doc. No. 28); a redacted copy of a purported severance agreement signed by Brooks and Doe (Doc. No. 28-1); a redacted log of Brooks's and Doe's communications and filings with the U.S. Equal Employment

Opportunity Commission (EEOC) regarding a discrimination charge that Doe filed against Brooks (Doc. No. 28-2); and a redacted copy of Brooks's position statement sent to the EEOC in response to Doe's charge (Doc. No. 28-3). Brooks also filed a motion for leave to file unredacted copies of its exhibits under seal. (Doc. No. 29.)

On December 30, 2024, Doe filed a third motion for leave to file documents under seal asking the Court for leave to file a sealed declaration with sealed exhibits. (Doc. No. 34.) About a week later, on January 7, 2025, Doe filed a response in opposition to Brooks's motion to dismiss (Doc. No. 36), a memorandum of law in support of her response in opposition (Doc. No. 37), and a fourth motion for leave to file documents under seal seeking permission to file a further response in opposition to Brooks's motion to dismiss under seal with sealed exhibits (Doc. No. 38), including a copy of the severance agreement that Brooks filed (Doc. No. 39-3). Two weeks later, on January 21, 2025, Doe filed an "emergency" motion to strike Brooks's motion to dismiss and supporting documents under Federal Rule of Civil Procedure 12(f). (Doc. No. 45, PageID# 560.)

Brooks filed responses in opposition to Doe's third and fourth motions for leave to file documents under seal (Doc. Nos. 40, 44), a reply in support of its motion to dismiss (Doc. No. 43), and a response in opposition to Doe's motion to strike (Doc. No. 48).

Doe filed a fifth motion for leave to file documents under seal (Doc. No. 49) seeking to seal her reply and exhibits in support of her motion to strike (Doc. Nos. 50–50-2). Brooks has not responded to Doe's fifth motion to seal.

## II. Legal Standards

Federal Rule of Civil Procedure 10(a) generally requires that "a complaint must state the names of all parties." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)). Naming all parties to litigation "'is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial

proceedings.'" *Doe v. Lee*, Case No. 3:22-cv-00569, 2023 WL 2587790, at *2 (M.D. Tenn. Mar. 21, 2023) (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (recognizing "a 'strong presumption in favor of openness' as to court records" (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983))). "'Identifying the parties to the proceeding is an important dimension of publicness'" because "'[t]he people have a right to know who is using their courts.'" *Lee*, 2023 WL 2587790, at *2 (quoting *Ericksen v. United States*, CASE NO. 16-cv-13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017)).

Courts may, however, "excuse plaintiffs from identifying themselves in certain circumstances" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560. In *Porter*, the Sixth Circuit directed courts considering motions to use pseudonyms to weigh several factors, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (quoting *Stegall*, 653 F.2d at 185). "[A] plaintiff does not have to fulfill every *Porter* factor to be allowed to proceed under a pseudonym, and no one *Porter* factor is dispositive in the outcome of such a decision." *Doe #11 v. Lee*, NO. 3:22-cv-00338, 2023 WL 1929996, at *3 (M.D. Tenn. Feb. 10, 2023) (Richardson, J.). "Courts may also consider other factors, such as whether the plaintiff would risk harm if identified and whether allowing the plaintiff to proceed anonymously would prejudice any other parties by forcing them 'to proceed with insufficient information to present their arguments . . . .'" *Lee*, 2023 WL 2587790, at *2 (alteration in original) (quoting *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005)). Ultimately, the

decision of whether to grant leave to proceed under a pseudonym lies within the discretion of the court. *Porter*, 370 F.3d at 560.

Much like motions to proceed under a pseudonym, motions for leave to file documents under seal must be considered in light of the "'strong presumption'" that court records be open to public review. *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179). This presumption of openness rests on the idea that, among other things, "the public is entitled to assess for itself the merits of judicial decisions" and has a strong interest in viewing the evidence and arguments on which courts base those decisions. *Id.* A party seeking to seal court documents therefore bears a heavy burden: "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). In general, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access." M.D. Tenn. R. 5.03(a) (contents of motion to seal). The party seeking to seal all or part of a record "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also* M.D. Tenn. R. 5.03(a) (requiring that motions to seal "specifically analyz[e] in detail, document by document, the propriety of secrecy, providing factual support and legal citations").

**III.     Analysis**

    **A.     Doe's Motion to Proceed Under A Pseudonym (Doc. No. 2)**

Doe argues that the Court should grant her permission to proceed under a pseudonym because her complaint includes "serious allegations of discrimination, harassment, retaliation, and defamation by her former employer" and "[p]ublicly disclosing [her] identity could expose her to

further retaliation by [Brooks] or its associates, negatively impacting her future employment opportunities and professional reputation." (Doc. No. 2, PageID# 154, ¶ 1.) She states that she "has already suffered significant reputational harm and emotional distress due to [Brooks's] retaliatory actions, and" argues that "public disclosure of her identity in this lawsuit may exacerbate these harms" by "exposing her to additional scrutiny and compromising her standing within her industry." (*Id.*) Doe argues that, "[a]s an immigrant professional, [she] is particularly vulnerable to potential repercussions[.]" (*Id.* at ¶ 2.)

Brooks argues, and Doe does not contest, that the first, third, and fourth *Porter* factors weigh against granting anonymity here because this litigation does not challenge governmental activity or place Doe at risk of criminal prosecution by compelling her to disclose an intent to violate the law, and Doe is not a child. *See Porter*, 370 F.3d at 560.

Brooks argues that the remaining *Porter* factor—whether prosecution of Doe's claims will compel her "to disclose information 'of the utmost intimacy[,]'" *id.* (quoting *Stegall*, 653 F.2d at 185)—does not weigh in Doe's favor "because there is no support for the contention that a standard employment discrimination claim implicates highly sensitive private matters, sufficient to justify a request for anonymity." (Doc. No. 18, PageID# 216.) The Court agrees that Doe has not "explain[ed] how this case would compel her to disclose information of the 'utmost intimacy' of the kind that courts have found permits litigants to proceed anonymously." *Doe v. Shaw Elec. Co.*, Case No. 24-cv-10746, 2024 WL 1815459, at *3 (E.D. Mich. Mar. 28, 2024); *see also id.* (finding that "typical" claims "in a sexual harassment and retaliation employment case of name calling, antagonism of coworkers, exclusion from meetings, and job loss" do not rise to the level of "'utmost intimacy'"). Doe's arguments regarding "a generalized risk of harm and damage to [her] professional reputation" do not meet that standard. *Lee*, 2023 WL 2587790, at *5. "Generally,

6

Case 3:24-cv-01284    Document 51    Filed 03/27/25    Page 6 of 15 PageID #: 619

courts have found that a plaintiff's allegations that proceeding publicly would cause embarrassment and humiliation, standing alone, are not sufficient to justify permitting a plaintiff to proceed under a pseudonym." *Doe v. FedEx Ground Package Sys., Inc.*, Case No. 3:21-cv-00395, 2021 WL 5041286, at *7 (M.D. Tenn. Oct. 29, 2021) (citing *Doe v. Smith*, 105 F. Supp. 2d 40, 44 (E.D.N.Y. 1999)); *see also Poe v. Lowe*, --- F. Supp. 3d ---, 2024 WL 4678470, at *4 (M.D. Tenn. Nov. 1, 2024) ("Plaintiff's concern for his professional reputation and potential future economic injury is also too speculative and unsupported to permit pseudonymity."). Likewise, "concerns about . . . economic harm and scrutiny from current or prospective employers do not involve information 'of the utmost intimacy'; rather, they constitute the type of concerns harbored by other similarly situated employees who file retaliation lawsuits under their real names." *Doe v. Univ. of Pittsburgh*, Case No. 1:17-cv-213, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018). The fact of Doe's mobility-related physical disability is also not a matter of "utmost intimacy" for purposes of proceeding under a pseudonym. *See, e.g.*, *De Angelis v. Nat'l Ent. Grp. LLC*, Civ. Action 2:17-cv-00924, 2019 WL 1071575, at *3 (S.D. Ohio Mar. 7, 2019) (citing *Endangered v. Louisville/Jefferson Cnty. Metro Gov't Dep't of Inspections*, Civ. Action No. 3:06CV-250, 2007 WL 509695, at *1–2 (W.D. Ky. Feb. 12, 2007), for the proposition "that plaintiffs' disabilities which required them to use a wheelchair or scooter for mobility were not of the 'utmost intimacy'"). Consequently, this *Porter* factor also weighs against granting Doe leave to use a pseudonym.

Doe relies on the Ninth Circuit's opinion in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000), for the proposition "that anonymity is warranted when plaintiffs face a risk of retaliation or harm, particularly for vulnerable groups such as immigrants." (Doc. No. 23, PageID# 231, ¶ 2.) But Doe's reliance on *Advanced Textile Corp.* is misplaced. In that

7

Case 3:24-cv-01284   Document 51   Filed 03/27/25   Page 7 of 15 PageID #: 620

case, the Ninth Circuit applied a different pseudonymity standard and emphasized that the Fair Labor Standard Act plaintiffs, who were "nonresident foreign workers" in Saipan, had introduced evidence supporting their fears of "extraordinary retaliation, such as deportation, arrest, and imprisonment[.]" 214 F.3d at 1071, 1072. Doe has not argued that she fears similarly extraordinary retaliation or harm here, nor has she introduced evidence to support a finding that such retaliation or harm is likely. *See Doe #11*, 2023 WL 1929996, at *5 ("[W]hen a plaintiff seeks to proceed under a pseudonym, he or she must demonstrate a risk of actual harm; in other words, generalized fear based on statistics without more is insufficient.")

Doe has not shown that this is an exceptional case in which her privacy interests substantially outweigh the presumption of open judicial proceedings. *See Porter*, 370 F.3d at 560. Doe's motion for leave to proceed using a pseudonym will therefore be denied.

### B. Doe's Motions for Leave to File Documents Under Seal

#### 1. First Motion (Doc. No. 2)

Doe's first motion for leave to file documents under seal asks the Court to seal "Section D of [her] complaint form, which includes sensitive health information, . . . to protect her privacy." (Doc. No. 2, PageID# 155, ¶ 5.) The information Doe asks to seal is a single sentence describing her mobility impairment. (Doc. No. 1, PageID# 4.) "Courts in this circuit recognize that 'plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had.'" *Chibbaro v. Everett*, Case No. 3:20-cv-00663, 2022 WL 20402877, at *3 (M.D. Tenn. Mar. 23, 2022) (quoting *Tyson v. Regency Nursing, LLC*, CIV. ACTION NO. 3:17-CV-91, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018)); *see also Mullins v. Toyota Motor Mfg.*, 28 F. App'x 479, 480 (6th Cir. 2002) (holding that employment discrimination plaintiff "plac[ed] his mental or psychological state at issue" by filing lawsuit "claiming that he had a mental or psychological disability and that he was discharged by

[defendant] in violation of the ADA"); *L.S.D. v. Genesee Cnty. Cmty. Health*, Civ. Case No. 05-71844, 2005 WL 8155384, at *3 (E.D. Mich. Dec. 28, 2005) (quoting *Butler v. Burroughs Wellcome, Inc.*, 920 F. Supp. 90, 92 (E.D.N.C. 1996), for the proposition "that '[e]lements of a claim under the ADA touch upon the most private and intimate details of a plaintiff's life'" and "ADA plaintiffs . . . waive all privileges and privacy interests related to their claim by virtue of filing the complaint" (first alteration in original)). Doe has placed her disability at issue by filing ADA claims for disability-related discrimination against Brooks. Accordingly, sealing Section D of her complaint is not warranted.

Doe's first motion to seal also asks the Court to "seal all exhibits (A to K) submitted" with her complaint, "as they contain sensitive personal information, proprietary corporate data, and private employment records." (Doc. No. 2, PageID# 155, ¶ 5.) But, as Brooks points out, Doe has not provided the detailed, document-by-document analysis complete with legal citations required to justify sealing by Sixth Circuit precedent and this Court's Local Rules. *See Shane Grp.*, 825 F.3d at 305–06; M.D. Tenn. R. 5.03(a) (contents of motion to seal). Brooks further argues that the exhibits to Doe's complaint should not be sealed because "[t]hese documents mainly consist of work-related discussions, and do not mention or reference any personally sensitive information which may compromise [Doe's] legitimate privacy interests." (Doc. No. 18, PageID# 219–20.) Brooks further states that, as "the corporation whose data [Doe] is concerned with protecting," it "takes no issue with making th[e] limited [corporate] information [included in these documents] available to the public" and that other information included in Doe's exhibits is already publicly available. (*Id.* at PageID# 220.) Doe has not met the standard required to keep the exhibits to her complaint under seal.

9

### 2. Second, Third, and Fourth Motions (Doc. Nos. 13, 34, 38)

Doe's second, third, and fourth motions to seal (Doc. Nos. 13, 34, 38) are similarly insufficient.

Doe's second motion for leave to file documents under seal states, in its entirety, that Doe "respectfully requests that this Court seal Exhibit M from public access, as it contains names and information pertaining to internal communications." (Doc. No. 13.) Doe does not otherwise describe "Exhibit M," which appears to be correspondence between Brooks's counsel and the EEOC regarding the discrimination charge Doe filed against Brooks. (Doc. No. 14.)

Doe's third motion for leave to file documents under seal (Doc. No. 34) asks the Court to seal a sworn declaration by Doe (Doc. No. 35-1) that attaches and references copies of her complaint in this action (Doc. No. 35-2), a right-to-sue-letter Doe received from the EEOC (Doc. No. 35-3), and a letter Doe received from the Immigrant and Employee Rights (IER) Section of the Civil Rights Division of the U.S. Department of Justice (DOJ) regarding its investigation of a charge Doe filed alleging that Brooks violated the antidiscrimination provisions of the Immigration and Nationality Act, 8 U.S.C. § 1324b (Doc. No. 35-4). Doe states that she "submits" her motion "pursuant to Federal Rule of Civil Procedure 5.2, to protect sensitive and personal information disclosed in the case filings." (Doc. No. 34, PageID# 330.) Rule 5.2 governs privacy protection for court filings and includes requirements for redacting certain information such as "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number[.]" Fed. R. Civ. P. 5.2(a). Rule 5.2(d) provides that "[t]he court may order that a filing be made under seal without redaction." Fed. R. Civ. P. 5.2(d). As explained above, Sixth Circuit precedent and Local Rule 5.03 govern this Court's consideration of any motions to make filings under seal. *See Shane Grp.*, 825 F.3d at 305–06; M.D. Tenn. R. 5.03(a) (contents of motion to seal). Doe's reference to Federal

Rule 5.2, without more, does not provide a sufficient legal basis to grant her third motion for leave to file documents under seal.

Doe's fourth motion again invokes Federal Rule 5.2 and asks the Court to seal her response and exhibits in opposition to Brooks's motion to dismiss. (Doc. No. 38.) Doe argues only that "[t]hese documents contain sensitive information that is critical to the case but should remain protected from public view to avoid potential misuse or harm." (*Id.* at PageID# 376.)

Because Doe's second, third, and fourth motions for leave to file documents under seal (Doc. Nos. 13, 34, 38) lack the document-by-document analysis supported by legal citations required to overcome the presumption in favor of publicness, these motions will be denied. *See Shane Grp.*, 825 F.3d at 305–06; M.D. Tenn. R. 5.03(a) (contents of motion to seal).

### 3. Fifth Motion (Doc. No. 49)

Doe's fifth motion for leave to file documents under seal (Doc. No. 49) invokes Federal Rule 5.2 and Local Rule 5.03 and asks the Court to seal Doe's reply (Doc. No. 50) and exhibits (Doc. Nos. 50-1, 50-2) in support of her motion to strike Brooks's motion to dismiss. (Doc. No. 49.) The exhibits to Doe's reply include an affidavit by Doe (Doc. No. 50-1); redacted copies of emails between Doe and Brooks's HR representative (Doc. No. 50-2); and a redacted copy of an email that Doe sent to a DOJ IER employee regarding her charge against Brooks (*id.*). Doe states that these documents "contain sensitive personal, medical, and federal agencies['] contact information" and argues that "[s]ealing these documents is necessary to protect [her] privacy and confidentiality, as well as safeguard government records and investigative details from improper disclosure." (Doc. No. 49, PageID# 594.) Brooks has not responded in opposition to Doe's fifth motion for leave to file documents under seal.

The Court has already found that Doe waived any relevant privacy protections for medical information about her disability by filing ADA claims against Brooks that place her disability at

issue. *See Chibbaro*, 2022 WL 20402877, at *3; *Mullins*, 28 F. App'x at 480; *L.S.D.*, 2005 WL 8155384, at *3. Doe has not identified any legal basis for sealing her emails with Brooks's HR representative. With respect to her email to a DOJ IER employee, Doe argues that "agency communications" are "protected under 5 U.S.C. § 552a" and that sealing is required to "[p]rotect federal agency communications from improper public access." (Doc. No. 49, PageID# 594, 595.)

Doe's reliance on § 552a, which is part of the Privacy Act of 1974, is misplaced. This portion of the Privacy Act "prohibits any federal agency from disclosing records to any person without the written consent of the individual to whom the record pertains except under certain enumerated conditions." *Haydon Bros. Contracting, Inc. v. U.S. Soc. Sec. Admin.*, Civ. Action No. 7:11-96, 2012 WL 38608, at *2 (E.D. Ky. Jan. 9, 2012) (citing 5 U.S.C. § 552a(b)). Thus, "by its own terms, the Privacy Act applies only to federal agencies and only protects individuals." *Simons v. Credit-Based Asset Servicing & Securitization, LLC*, Case No. 05-CV-10049, 2005 WL 2284214, at *4 (E.D. Mich. Aug. 18, 2005). Even assuming that the DOJ qualifies as an "agency" within the meaning of the Privacy Act, it is Doe and not the DOJ who seeks to disclose records. Further, it is far from clear that the email at issue qualifies as a "record" subject to the Privacy Act. Section 552a(a)(4) defines "record" to "mean[ ] any item, collection, or grouping of information about an individual that is maintained by an agency . . . ." 5 U.S.C. § 552a(a)(4). The copy of the email that Doe seeks to seal is printed from a Gmail account. (Doc. No. 50-2.) The email is addressed to a "usdoj.gov" email address (*id.* at PageID# 613), but there is no indication that the DOJ "maintained" this email. Regardless, the question of sealing this email is moot because Doe has included its full text in an unsealed filing. (Doc. No. 45.)

Doe has not shown a compelling interest that outweighs the presumption of publicness and her fifth motion for leave to file documents under seal will also be denied.

C.  **Brooks's Motion for Leave to File the Parties' Severance Agreement Under Seal**

One of Brooks's arguments in favor of dismissal is that Doe waived her claims against Brooks when she signed a severance agreement. (Doc. No. 28.) Brooks filed a partially redacted version of the severance agreement with its motion to dismiss. (Doc. No. 28-1.) The redactions omit Doe's identifying information, the dollar amount of the proposed severance payment, and information about Doe's base salary. (*Id.*) Brooks also filed two other redacted documents in support of its motion to dismiss: a log of Brooks's and Doe's communications with the EEOC (Doc. No. 28-2) and a copy of Brooks's position statement in response to Doe's EEOC charge (Doc. No. 28-3). The redactions in the communications log and the position statement omit Doe's identifying information only. (Doc. Nos. 28-2, 28-3.)

Brooks moves for leave to file unredacted versions of these three exhibits under seal. (Doc. No. 29.) Brooks argues that sealing the financial information in the severance agreement "regarding [Brook's] proposed severance payment to [Doe], as well as information about [Doe's] compensation structure" is justified because making this information public would put Brooks "at risk of a competitive disadvantage and disclose[ ] confidential compensation information about [Doe's] employment." (*Id.* at PageID# 288, 289.) Brooks relies on *Young v. Provident Life & Accident Insurance Co.*, Case No. 2:21-cv-00041, 2023 WL 5837001, at *6 (M.D. Tenn. Mar. 13, 2023), for the proposition "that information about a company's employee salary and compensation structures typically justify sealing" under Sixth Circuit precedent and Local Rule 5.03. (Doc. No. 29, PageID# 288–89.) Brooks is correct that "[c]ourts generally grant requests to seal information about a company's employee salary and compensation structures." *Young*, 2023 WL 5837001, at *6 (collecting authority); *see also TERA II, LLC v. Rice Drilling D, LLC*, Case No. 2:19-cv-2221, 2023 WL 8566266, at *2 (S.D. Ohio Dec. 11, 2023) (citing *id.*). Doe has not

responded to this argument.[1] Doe has, however, filed an unredacted copy of the severance agreement under seal (Doc. No. 39-3), which suggests that she does not oppose sealing the severance agreement in whole or in part. The Court finds that Brooks has shown a compelling interest in sealing the financial details in the severance agreement that outweighs any countervailing public interest.

Brooks states that, with respect to Doe's identifying information in all three of its motion-to-dismiss exhibits, it "does not believe proceeding under a pseudonym is appropriate" and therefore does not believe that Doe's identifying information needs to be sealed in these exhibits. (Doc. No. 29, PageID# 289–90.) However, Brooks asks "to seal the [identifying] information until the Court issues a decision on" Doe's motion. (*Id.* at PageID# 290.) Because this Memorandum Order denies Doe's motion for leave to proceed under a pseudonym, the Court finds moot Brooks's request to temporarily seal Doe's identifying information.

## IV.     Conclusion

For these reasons, Doe's motion for leave to proceed under a pseudonym and to seal a portion of her complaint and all exhibits (Doc. No. 2) is DENIED; Doe's remaining motions for leave to file documents under seal (Doc. Nos. 13, 34, 38, 49) are DENIED; and Brooks's motion for leave to file sealed exhibits to its motion to dismiss (Doc. No. 29) is GRANTED IN PART AND FOUND MOOT IN PART. Brooks's request to seal the financial details in the severance

---

[1] Doe did not file a response in opposition to Brooks's motion to seal within the time period allowed by this Court's Local Rules and the Federal Rules. *See* M.D. Tenn. R. 7.01(a)(3) (response) (providing that "any party opposing a motion must serve and file a memorandum of law in response . . . not later than fourteen (14) days after service of the motion"); Fed. R. Civ. P. 6(d) (providing that, when service is made by mail, "3 days are added after the period would otherwise expire"). After the response period passed, Doe filed a motion to strike Brooks's motion to dismiss and supporting documents, including Brooks's motion to seal, under Federal Rule 12(f). (Doc. No. 45.) The Court will address Doe's motion to strike separately in resolving Brooks's motion to dismiss.

agreement is GRANTED, and the unredacted copies of the severance agreement on the docket (Doc. Nos. 30-1, 39-3) will remain under seal; Brooks's request to temporarily seal Doe's identifying information in its motion-to-dismiss exhibits is FOUND MOOT.

Within fourteen days from the date of this Memorandum Order, Doe is ORDERED to file an amended complaint identifying herself by her legal name. The Clerk of Court is DIRECTED to update the case caption at that time. By the same date, Doe is ORDERED to either withdraw her other sealed filings (Doc. Nos. 1, 14, 35, 35-1–35-4, 39, 39-1, 39-2, 39-4, 50, 50-1, 50-2) or file them in the public record as separate docket entries; Brooks is ORDERED to file unredacted copies of exhibits 2 and 3 to its motion to dismiss (Doc. Nos. 30-2, 30-3) in the public record as a separate docket entry.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge