IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Jane Doe,<br><br>  **Plaintiff**<br>v.<br><br>Brooks Automation US LLC<br><br>  **Defendant** | Case No. 3:24-cv-1284<br><br>JUDGE William L. Campbell, Jr.<br><br>Magistrate Judge Newbern |

## PLAINTIFF'S MOTION TO INVOKE THE COURT'S EQUITABLE AUTHORITY UNDER RICO (18 U.S.C. §§ 1964(a) & (c)), TVPRA (18 U.S.C. § 1589), AND FOR TEMPORARY SUSPENSION OF INDIVIDUAL EMPLOYEES OF DEFENDANT BROOKS

**Plaintiff Jane Doe, appearing pro se, respectfully moves this Court to exercise its statutory and equitable authority under 18 U.S.C. §§ 1964(a) and (c) (RICO), 18 U.S.C. § 1589 (TVPRA), and Fed. R. Civ. P. 65(d)(2), pursuant to M.D. Tenn. L.R. 7.03(b) and 7.01(a)(2), to issue temporary equitable relief in light of newly emerging evidence and continuing retaliatory harm.**

As a "private attorney general" under RICO, Plaintiff seeks to combat systemic racketeering and coercion by Brooks Automation US LLC, as recognized in *Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co.*, 483 U.S. 143, 151 (1987). Recent incidents, including the January 2025 termination of a U.S. citizen employee and the 2024 interception of legal mail, as well as evidence of involvement by Defendant's legal counsel, necessitate amending the complaint to add individual defendants and compel discovery.

Consistent with RICO's incorporation of the Clayton Act's liberal discovery framework (*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 489 (1985)), Plaintiff requests that the Court authorize production of documents necessary to uncover the enterprise's scope and prevent further harm. This Motion is supported by a concurrently filed Memorandum of Law.

# I. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Acknowledge Plaintiff's standing to pursue civil remedies under RICO, 18 U.S.C. § 1964(c);

2. Exercise equitable authority under RICO, 18 U.S.C. § 1964(a), to address an ongoing pattern of racketeering activity;

3. Recognize that certain individual employees of Defendant Brooks, including Emma Woodthorpe, Firas Almahamid, Massimo Trambaioli, and legal counsel Morgan Kinney, Ethan Balsam, and Michael Moschel, have violated the TVPRA, 18 U.S.C. § 1589, through coercive labor practices and exploitation of immigration-based vulnerabilities.

4. Take judicial notice of continuing acts of retaliation and manipulation of employment conditions, including adverse actions against Plaintiff and at least one other U.S. citizen terminated in January 2025 to favor Trambaioli, as evidenced by Plaintiff's DOJ-IER Complaint and USPS Complaint;

5. **Compel Defendant Brooks to identify and disclose the management team members** who orchestrated the alteration of Plaintiff's job responsibilities to benefit Trambaioli by engineering a U.S. position and supporting his immigration status. In light of Plaintiff's intention to amend the complaint and recent evidence of concealed misconduct, **expedited discovery is essential** to identify additional participants in the enterprise and prevent spoliation of key documents. **Timely production of internal records, immigration filings, and HR communications will clarify individual liability and is necessary to protect Plaintiff's rights and the integrity of these proceedings.** These actions, evidenced by new incidents such as the January 2025 U.S. citizen termination and the 2024 mail interception, violate 18 U.S.C. §§ 1351, 1546, and 1589, causing substantial harm. Plaintiff intends to name these individuals as additional defendants in an amended complaint under RICO and TVPRA. Document production, including internal communications, immigration records, and HR correspondence, is essential to uncover their roles, **consistent with RICO's broad discovery principles, as established in Klehr v. A.O. Smith Corp., 521 U.S. 179, 189 (1997), and Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 489 (1985)** and to enable Plaintiff's role as a "private attorney general" (*Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co.*, 483 U.S. 143, 151 (1987)) (Memorandum).

6. Evaluate whether Brooks qualifies as a state actor through its joint actions with the EEOC and USPS, as evidenced by USPS's failure to safeguard legal mail and EEOC's acquiescence to Brooks' misrepresentations, implicating Plaintiff's First and Fifth Amendment rights and warranting anonymity and witness protection.

7. Order the temporary suspension of Emma Woodthorpe, Firas Almahamid, and Massimo Trambaioli from roles involving legal, HR, and immigration decisions, pending resolution of these proceedings, pursuant to Fed. R. Civ. P. 65(d)(2) and M.D. Tenn. L.R. 65.01. Their roles in coercive agreements, discriminatory hiring, and ongoing obstruction necessitate this relief to prevent further harm, as detailed in the Memorandum.

## II. BASIS FOR MOTION

As detailed in prior pleadings and supporting documentation, Plaintiff has alleged that Defendant Brooks Automation US LLC, along with specific individual employees, engaged in a continuing pattern of racketeering activity and statutory violations, including but not limited to:

**Immigration fraud** (18 U.S.C. § 1546); **Fraud in foreign labor contracting** (18 U.S.C. § 1351); **Forced labor and coercion** (18 U.S.C. § 1589); **Involuntary servitude** (18 U.S.C. § 1584); **Obstruction of justice** (18 U.S.C. § 1503); **Conspiracy to defraud the United States** (18 U.S.C. § 371); and **Immigration-based retaliation and discrimination** (8 U.S.C. §§ 1324a, 1324b).

These predicate acts, which involve financial duress, threats of termination, misuse of immigration procedures, and retaliation for protected activity, fall squarely within the prohibitions of both RICO and the TVPRA. Importantly, the conduct has persisted even after Plaintiff filed complaints with this Court and relevant federal agencies. Notably, in January 2025, a U.S. citizen employee was terminated in furtherance of the enterprise's efforts to secure legal employment and permanent status for Mr. Trambaioli in the United States.

## III. CONCLUSION

For the reasons set forth above, and pursuant to this Court's statutory and equitable powers, Plaintiff respectfully requests that the Court:

- Acknowledge the action to proceed under **RICO (18 U.S.C. §§ 1964(a) & (c))**;

- Recognize the predicate conduct under **TVPRA (18 U.S.C. § 1589)**;

- Compel disclosure of those individuals who orchestrated and benefited from unlawful employment and immigration schemes;

- Temporarily suspend **Ms. Emma Woodthorpe, Mr. Firas Almahamid, and Mr. Massimo Trambaioli** from sensitive operational roles;

- Provide appropriate **equitable and injunctive relief** to safeguard the integrity of these proceedings and prevent ongoing harm;

- Grant such **further relief** as the Court deems just and proper.

A supporting **Memorandum of Law** is filed concurrently, in accordance with the Local Rules.

Respectfully submitted,
Dated: 05/29/2025

*Jane Doe*

**Jane Doe**
*Pro Se Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2025, I served a true and correct copy of the foregoing filing via [U.S. Mail / Email / CM/ECF] per M.D. Tenn. L.R. 5.01. to the following parties:

**LITTLER MENDELSON, P.C.**

*/s/ Michael S. Moschel*

Michael S. Moschel (Bar No. 016826)

mmoschel@littler.com

333 Commerce Street, Suite 1450

Nashville, Tennessee 37201

Telephone: (615) 514-4124

Facsimile: (615) 250-4862

Jane Doe

May 29, 2025