**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:24-cv-01284** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **BROOKS AUTOMATION US LLC,** | ) | **MAGISTRATE JUDGE NEWBERN** |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Plaintiff's request for judicial review of the Magistrate Judge's Memorandum Order (the "Order") (Doc. No. 51) denying Plaintiff's motion to proceed under pseudonym and to seal documents. (Doc. No. 54). Plaintiff also filed a motion to stay enforcement of the Order pending resolution of the motion for review (Doc. No. 56), and emergency motion for extension of time to comply with the Order (Doc. No. 62). The Magistrate Judge granted the motion to stay and extended the deadline for Plaintiff to comply with the Order to 14 days after the undersigned issues an order addressing Plaintiff's motions for review. Accordingly, the motion for extension of time (Doc. No. 62) is **MOOT**.

Defendant Brooks Automation US LLC ("Brooks") sought a brief extension of time to respond to Plaintiff's motion for review (Doc. No. 63). That motion is **GRANTED**. Brooks then filed a response in opposition to Plaintiff's objections. (Doc. No. 65). Plaintiff filed a reply. (Doc. No. 66).

For the reasons stated herein, the Magistrate Judge's Memorandum Order is **AFFIRMED**.

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court may reverse or modify the Magistrate Judge's ruling on a non-dispositive matter only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

This case is an employment discrimination action against Plaintiff's former employer Brooks Automation US LLC. (*See* Complaint, Doc. No. 1). Plaintiff requested to proceed under a pseudonym because the case "involves serious allegations of discrimination, harassment, retaliation, and defamation by her former employer, Defendant Brooks Automation US LLC." (Doc. No. 2). Plaintiff asserts that publicly disclosing her identity could expose her to "further retaliation by Defendant or its associates, negatively impacting her future employment opportunities and professional reputation … and may exacerbate [] harms, exposing her to additional scrutiny and compromising her standing within her industry." (*Id.*). She is concerned that Defendant may take additional adverse action and that "the public nature of these proceedings, along with potential media coverage, could impose unwarranted stigma and cause irreparable harm to Plaintiff's personal and professional life." (*Id.*).

In the motion for review, Plaintiff references a separately filed case in which she alleges misconduct by the Equal Employment Opportunity Commission ("EEOC") and the United States Postal Service ("USPS") (hereinafter, "the EEOC case"). She contends that evidence and argument in that case demonstrate heightened retaliation risks, procedural injustice, and a significant public interest in protecting whistleblowers. Plaintiff argues that due to her status as an "immigrant whistleblower … public disclosure of [her] identity severely threatens [her] safety, visa status, career prospects, and the public's trust in fair civil rights enforcement." Plaintiff argues the Magistrate Judge failed to consider the implications of her the EEOC case when considering whether Plaintiff should be permitted to proceed under a pseudonym in this

case. She contends that "both cases share overlapping facts, and, following proper discovery, should be considered for consolidation or incorporation of federal agency misconduct." (Doc. No. 54 at PageID# 651; see also Doc. No. 66 at PageID# 715). The cases have not been consolidated and Plaintiff has not sought or been granted leave to proceed pseudonymously in the EEOC case.

The Court has reviewed the Magistrate Judge's Memorandum Order denying Plaintiff's motion to proceed using a pseudonym. (Doc. No. 51). The Magistrate Judge properly applied the correct legal standard and addressed each of the factors stated in *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Court finds no clear error in the Magistrate Judge's conclusions.

Plaintiff also raises new arguments in the motion for review that were not presented to the Magistrate Judge. Typically, arguments not raised before the Magistrate Judge will not be considered on a motion for review. Notably, these arguments are not based on new developments. Indeed, Plaintiff argues the Magistrate Judge should have considered Plaintiff's allegations and arguments made in the EEOC case, which was filed before this case. The failure to consider arguments in the EEOC case was not clearly erroneous, particularly when Plaintiff did not raise these arguments for consideration by the Magistrate Judge in the first instance and the Court does not consider arguments or evidence made in other cases. Even if the Court were to consider these arguments, it is not persuaded that the challenge to governmental activity alleged in that case warrants proceeding under pseudonym in this action. Although the cases have overlapping facts, the agency action challenged in the EEOC case is separate and apart from the claims asserted in this case. Finally, Plaintiff's claims of errors in the United States Postal Service records system with regard to the service of the summons does not raise an

inference of retaliation on the part of Defendant such that proceeding under a pseudonym is necessary to protect Plaintiff's privacy or safety.

Having reviewed the Magistrate Judge's Memorandum Order, the Court finds the denial of Plaintiff's motion to proceed pseudonymously is neither clearly erroneous nor contrary to law. Accordingly, the Order is **AFFIRMED**.

The Court has also reviewed the Magistrate Judge's Memorandum Order on Plaintiff's motions for leave to file documents under seal. In the motion for review of this aspect of the Memorandum Order, Plaintiff generally states that the documents contain "highly sensitive details, including [her] immigration status and disability-related challenges." (Doc. No. 54 at PageID# 652). The Magistrate Judge appropriately considered these concerns. The Court finds the rulings on Plaintiff's motions to seal neither clearly erroneous nor contrary to law. Accordingly, this aspect of the Memorandum Order is also **AFFIRMED**.

In the motion for review, Plaintiff raises issues and seeks relief that has not been first presented to the Magistrate Judge. A motion for review is not the appropriate vehicle for relief other than that addressed in the order for which review is sought. To the extent Plaintiff requests relief on other matters, those requests are **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE