IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICE OF INSPECTOR GENERAL (OIG) et al., | Case No. 3:24-cv-01220<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE NEWBERN |
| JANE DOE 1 and JANE DOE 2<br><br>    Plaintiffs,<br><br>v.<br><br>BROOKS AUTOMATION US LLC, et. al,<br><br>    Defendants. | Case No. 3:24-cv-01284<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE NEWBERN |

## MEMORANDUM and ORDER

In October 2024, Plaintiff initiated cases arising out of her employment at Defendant Brooks Automation US, LLC ("Brooks") and discrimination complaints that Plaintiff filed with the Equal Employment Opportunity Commission, the EEOC Office of the Inspector General (OIG), and the United States Department of Justice's Civil Rights and Criminal Divisions. *See* Case No. 3:24-cv-01220 ("Case 1220") (filed October 11, 2024), and Case No. 3:24-cv-01284 ("Case 1284") (filed October 28, 2024). This Memorandum and Order addresses several pending motions.[1]

---

[1] With the exception of the motion to consolidate, which was filed in Case 1220, the motions addressed in this Order were filed in Case 1284. Unless otherwise stated, docket citations are to Case 1284.

A.  **Plaintiffs' Motion to Consolidate**

On July 28, 2025, Plaintiff filed an Amended Complaint in Case 1284 adding additional parties and claims.[2] (Doc. No. 85). Now, through a motion filed only in Case 1220 she seeks to consolidate Case 1284 and Case 1220. (*See* Case 1220, Doc. No. 50). In support of the motion to consolidate, Plaintiff states that the Amended Complaint filed in Case 1284 "consolidates all relevant claims and defendants from both actions" and "fully subsumes the claims from both cases." Plaintiff requests the Court designate Case 1284 as the operative case and administratively close Case 1220. (*Id.*).

The motion to consolidate (Case 1220, Doc. No. 50) is GRANTED and Case 1220 will be administratively closed. Because Plaintiff has included all relevant parties and claims in the Amended Complaint, Case 1220 will be dismissed without prejudice. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) (recognizing that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' "have given rise to the general principle that duplicative litigation in the federal court system is to be avoided.").

B.  **Plaintiffs' Motion for Reconsideration**

Plaintiffs seek reconsideration of the Court's Order denying leave to proceed under pseudonym (Doc. No. 78). (Doc. Nos. 81, 82). As grounds for reconsideration, Plaintiffs state that the Amended Complaint and declarations "introduce and emphasize new incidents and the continuity of retaliations that have persisted or intensified since the prior denial." (Doc. No. 81

---

[2] The Amended Complaint adds Plaintiff's spouse as an additional. This Memorandum and Order addresses motions filed before the Amended Complaint, which were filed only by Plaintiff, and motions filed at the same time as the Amended Complaint, which are filed by Plaintiff and Plaintiff's spouse. This Order refers either to "Plaintiff" or "Plaintiffs" as appropriate.

2

at 2). Plaintiffs state that she has obtained new evidence of collusion between Brooks and the EEOC, that Brooks' reference to her immigration status in its Response to Plaintiff's Motion for Temporary Equitable Relief (Doc. No. 70) is a "direct and explicit warning" that Brooks intends to interfere with Plaintiff's current employment, that Brooks' reference to Plaintiff as a "green card holder" is "a means to intimidate her protected legal activity and signal workplace interference" and "implies a warning of potential disruption to her employment." (Doc. No. 82 at 4-5). Plaintiffs raise the same arguments in support of the motion to proceed under pseudonym in Case 1220. (*See* Case 1220, Doc. No. 46).

The Court does not find cause to reconsider its previous order. First, the Court finds nothing in the new information to indicate that Defendants are threatening Plaintiffs current employment or intend to retaliate against her. Second, Plaintiffs acknowledge that Defendants already know their true identity, therefore the request for anonymity is only as to disclosure of their identity to the public, particularly current employers. (*See* Doc. No. 82 at 6). Plaintiffs concern that they will face risk of retaliation by their current employers is too speculative to overcome the presumption of openness of court records.

Plaintiffs also raise concerns that sensitive matters related to disability, mental health, and immigration status are at issue in the case. That the case includes such matters does not justify proceeding pseudonymously. If appropriate, concerns related to these issues can be concealed from public view through sealing or redactions, which are addressed below.

In summary, the Court finds no cause to allow Plaintiffs leave to proceed under pseudonym. Accordingly, the motion for reconsideration of the Court order denying leave to proceed pseudonymously is **DENIED**.

3

Case 3:24-cv-01284    Document 89    Filed 08/11/25    Page 3 of 14 PageID #: 1086

## C. Plaintiff's Motions to File Documents Under Seal

As explained in the Magistrate Judge's order addressing motions to seal (*see* Doc. No. 51, *aff'd by* Doc. No. 78), there is "a 'strong presumption in favor of openness'" in court records that is overcome by "'[o]nly the most compelling reasons …'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (first quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (1983); and then quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). This transparency prevents the "'masking [of] impropriety, obscuring incompetence, and concealing corruption'" that may result from a sealed docket and protects the public's right "to assess for itself the merits of judicial decisions." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179). Thus, "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* For these reasons, a party seeking to file a document under seal must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

Typically, in civil litigation, "'only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)'" are enough to overcome the presumption of access. *Shane Grp.*, 825 F.3d at 308. (citation omitted). In ruling on a motion to seal, "the court must set forth its specific findings and conclusions 'which justify nondisclosure to the public.'" *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637-38 (quoting *Shane Grp.*, 825 F.3d at 306). "[E]ven where a party can show a compelling reason

4

why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp.*, 825 F.3d at 305-06.

This Court's Local Rule 5.03 establishes a procedure for parties to use in asking the Court to maintain a document under seal. M.D. Tenn. R. 5.03 (requests to seal documents or portions of documents). Rule 5.03 directs parties to file a motion for leave to file a document under seal without attaching the document in question, then separately file the subject document under seal. M.D. Tenn. R. 5.03(b)(1) - (2) (procedures for filing motions to seal in CM/ECF). "Access to the document will remain restricted until the Court rules on the motion to seal" and, if the motion to seal is granted, the sealed document "will be electronically accessible only to the Court." M.D. Tenn. R. 5.03(b). Because a sealed document is accessible only to the Court—and not to the other parties in the litigation—filing a motion under seal frustrates the responsive briefing process that allows the Court to consider all parties' positions before granting or denying relief. Simply put, a party cannot respond to a motion it cannot review. For this reason (and, again, to ensure the greatest possible public access to a filing), Local Rule 5.03 requires that, "[i]f practicable, the party requesting that some or all of a filing be sealed must also separately file a redacted version." M.D. Tenn. R. 5.03(e) (redacted filing). If filing a redacted version would be "impracticable, the motion to seal must include an affirmative statement to that effect." *Id*.

With this standard in mind, the Court considers the pending motions to seal.

1. <u>Docket Entries 59 and 76</u>

Plaintiff moves to file documents filed at Docket Entries 59 and 76 because they are immigration records and documents that contain personal information concerning Plaintiff's immigration status. (Motions to Seal, Doc. Nos. 58, 75). Plaintiff argues sealing is appropriate

5

to protect personal privacy and sensitive government communications and that the request is narrowly tailored. (*Id.*). Plaintiff also argues that Doc. No. 76 should be sealed because it contains financial information similar to that which the Court has previously permitted to be filed under seal.

Plaintiff's reliance on the Privacy Act of 1974, 5 U.S.C. § 552a, is misplaced for the reasons stated in the Magistrate Judge's prior Order. (*See* Doc. No. 51 at 12). Plaintiff appears to agree that general information and reference to immigration and visa status need not be shielded from public view. Indeed, Plaintiff has included this information in public filings. (*See* Doc. No. 74). The Court finds, however, Plaintiff has established a compelling interest in privacy concerning official communications and documents relating to her immigration and visa status that outweighs the public's interest in access to these documents, in part, because the documents themselves are not central to the claims in this case.

Docket Entry 59 is a letter from the Department of Justice Civil Rights Division addressed "to whom it may concern" regarding Plaintiff's request for deferred action and employment authorization from the Department of Homeland Security. At this juncture, the Court finds is appropriate to seal this document because it is a government communication concerning Plaintiff's immigration proceedings and visa status. Accordingly, the motion to seal Docket Entry 59 (Doc. No. 58) is GRANTED.

Docket Entry 76 includes: (1) Plaintiff's declaration, (2) correspondence addressed to U.S. Customs and Border Protection from Brooks and an associated law firm regarding Plaintiff's visa application, (3) the approval notice from the Department of Homeland Security (Form I-797A). Having reviewed these documents, the Court finds the correspondence addressed to U.S. Customs and Border Protection and the approval notice from the Department

of Homeland Security are official documents related to Plaintiff's immigration proceedings and that Plaintiff's privacy interests outweigh the public's interest in access to these documents, particularly where Plaintiff has described the contents of the documents in public filing. (See Doc. No. 74).

Plaintiff's Declaration, however, does not warrant sealing. The immigration related information in this document is not confidential. Moreover, although the Court has previously allowed information concerning salary and compensation to be filed under seal, (*see* Order, Doc. No. 51 at 13 (citing *Young v. Provident Life & Accident Inc. Co.*, Case No. 2:21-cv-00041, at *6 (M.D. Tenn. Mar. 13, 2021)), the financial information in this declaration has been publicly filed (*see* Doc. No. 69 at 2). Accordingly, neither sealing nor redactions are appropriate. Plaintiff will be ordered to file the declaration publicly on the record.

2. Docket Entries 81, 82, 83, 84, 85

Plaintiffs' Motion to Seal Sensitive Filings (Doc. No. 80) seeks to seal the motion for reconsideration of the motion to proceed pseudonymously, memorandum (Doc. Nos. 81, 82), Plaintiffs' declarations (Doc. Nos. 83, 84), and the Amended Complaint (Doc. No. 85).

Plaintiffs argue these filings should be sealed in their entirety because they contain "deeply sensitive information," including information related to physical disability, mental health, and immigration status. Plaintiffs remaining reasons for maintaining these documents under seal are related to disclosure of their identities and are the same reasons the Court has considered with regard to the motion to proceed by pseudonymously. Plaintiffs request that if full sealing is not warranted, they be permitted to file redacted versions.

7

As an initial matter, Plaintiffs have not provided the detailed, document-by-document analysis required to justify sealing by Sixth Circuit precedent and this Court's Local Rules. *See Shane Grp.*, 825 F.3d at 305-06; M.D. Tenn. R. 5.03(a).

Although the Court held that certain immigration documents are confidential and may be sealed (*see above*), general references to immigration status, visa status, etc. are not sufficiently compelling to overcome the presumption that court records are open to the public, particularly when these topics are at issue in the litigation. *See* M.D. Tenn. R. 5.03(c) (contents of motion to seal). Plaintiff appears to agree that general information and reference to immigration and visa status need not be shielded from public view. Indeed, Plaintiff has included this information in public filings. (*See* Doc. No. 74).

Likewise, references to general "emotional distress," "physical and emotional deterioration," and medical conditions do not merit sealing or redaction. "Courts in this circuit recognize that 'plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had.'" *Chibbara v. Everett*, Case No. 3:20-cv-00663, 2022 WL 20402877, at *3 (M.D. Tenn. Mar. 23, 2022). As the Court has already ruled, (*see* Order, Doc. No. 51, *aff'd by* Order, Doc. No. 78), Plaintiffs have placed these topics at issue. Accordingly, sealing is not warranted on this basis.

Plaintiffs' motion for reconsideration and associated memorandum (Doc. Nos. 81, 82) contains only general references to "disability, mental health, and immigration vulnerabilities" and, therefore, does not meet the standards for sealing or redaction. Accordingly, the motion to seal these documents is DENIED and the documents will be unsealed.

Plaintiffs' Declarations (Doc. Nos. 83, 84) contain references to medical conditions and general assertions of emotional and financial harm which, for the reasons stated, do not merit sealing. The motion to seal the Declarations is DENIED and the documents will be unsealed.

The Amended Complaint does not include information in which Plaintiffs have a significant privacy interest such that sealing or redaction is warranted. Accordingly, the motion to seal Doc. No. 85 is DENIED and the Amended Complaint will be unsealed.

### D. Plaintiff's Motion for Temporary Equitable Relief

In May 2025, Plaintiff filed a motion "to invoke the Court's equitable authority" under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1964(a) and (c), and the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589, and "for temporary suspension of individual employees of Defendant Brooks." (Doc. Nos. 69, 70). Through the motion, Plaintiff asks the Court to: (1) "Acknowledge the action to proceed under RICO"; (2) "Recognize the predicate conduct under TVPRA"; (3) "Compel disclosure of those individuals who orchestrated and benefited from unlawful employment and immigration schemes"; (4) Temporarily suspend [specified Brooks executives] from sensitive operational roles;" (5) "Provide appropriate **equitable and injunctive relief** to safeguard the integrity of these proceedings and prevent ongoing harm." (Doc. No. 68 at 3 (emphasis in original)).

Defendant Brooks filed a response in opposition. (Doc. No. 70). Brooks argues that, at the time of the filing of the motion, the operative complaint did not include any claims under RICO or the TVPRA, that Plaintiff had not shown any retaliatory harm that would necessitate the requested relief, and that Plaintiff cited no legal authority that would allow the Court to grant Plaintiff's motion.

Plaintiff filed a reply in which she argued that the operative complaint (at the time of the filing of the motion) contained sufficient factual allegations to support RICO and TVPRA claims, that her allegations demonstrate a likelihood of success on her RICO and TVPRA claims, and that continued retaliation, "including immigration and litigation interference," constitutes irreparable harm.[3] (Doc. No. 73 at 4).

"To secure a preliminary injunction, a plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *EOG Resources, Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 874 (6th Cir. 2025) (citing *Winter v Nat. Rs. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The purpose of a preliminary injunction is to "preserve the relative positions of the parties until a trial on the merits can be held." *Id*. at 883 (citing *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345-46 (2024)). "Because a preliminary injunction is an 'extraordinary' equitable remedy that is 'never awarded as of right,' the plaintiff must make a 'clear showing' that these factors favor him." *Id*. (quoting *Starbucks*, 602 U.S. at 345-46). The movant "faces a burden of proof 'more stringent than the proof required to survive a summary judgment motion.'" *Enchant Christmas Light Maze & Market Ltd. v. Glowco, LLC*, 958 F.3d 532, 539 (6th Cir. 2020).

Plaintiff has not shown that the "extraordinary remedy" of a preliminary injunction is warranted here. First, the majority of the relief requested – acknowledgement of claims and

---

[3] In the reply memorandum, Plaintiff also argues Defendant Brooks should be subject to sanctions under Federal Rule of Civil Procedure 11(b), (c). (Doc. No. 73 at 4-5). A reply memorandum is not the appropriate vehicle to seek Rule 11 sanctions. *See* Fed. R. Civ. P. 11(c)(2) (stating that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service.").

10

requests for discovery – is not an appropriate subject for a preliminary injunction. These matters will be handled through standard case procedures. Further, Plaintiff has not shown that she will suffer immediate and irreparable injury absent the requested relief. *D.T. v Sumner Cty. Schools*, 942 F.3d 324, 327 (6th Cir. 2019) ("If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit"). In particular, given that Plaintiff's employment with Brooks ended in 2023, she has not shown the suspension of key executives is necessary to prevent harm to her. Likewise, Plaintiff's subjective concerns that she will be the target of retaliation in the form of visa threats, financial harm, and defamation based on Defendant's alleged interference with Plaintiff's legal mail and statements incorrectly identifying her visa status, fail to establish that she is facing imminent and irreparable injury such that a preliminary injunction is warranted.

Accordingly, Plaintiff's motion for preliminary equitable relief (Doc. No. 68) is DENIED.

### E. Defendant's Motion to Declare Plaintiff a Vexatious Litigant

Defendant Brooks seeks to have Plaintiff declared a vexatious litigant and prohibit Plaintiff from making filings absent leave of Court. (Doc. No. 71). Brooks argues Plaintiff "continues to file frivolous motions solely to abuse, harass, and burden Defendant and its counsel," which has "unnecessarily delayed the prompt resolution of this matter, wasted judicial resources, and incurred unnecessary legal expenses on the part of Defendant."

The Court is not persuaded that filing restrictions are necessary at this time. While Plaintiff has undoubtedly engaged in a very high volume of filings, it appears some of volume is due to her lack of facility with legal process and procedures. As Defendant observes, the Court has yet to enter a scheduling order. Such an order will be forthcoming and will doubtless

11

Case 3:24-cv-01284 Document 89 Filed 08/11/25 Page 11 of 14 PageID #: 1094

provide Plaintiffs guidance. In addition, many of the motions were related to Plaintiff's unresolved requests to proceed pseudonymously and to file documents under seal. Those motions are resolved by this Order. Plaintiff is cautioned, however, frivolous, repetitive, or harassing filings will not be tolerated and may result in filing restrictions or other sanctions.

## II. CONCLUSION

For the reasons stated herein, the Court **ORDERS** the following:

1. Plaintiffs' Motion to Consolidate (filed in Case 3:24-cv-01220, Doc. No. 50) is **GRANTED**. All future filings shall be made in Case No. 3:24-cv-01284.

2. Case No. 3:24-cv-01220 is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to close the file in that case.

3. Plaintiffs' motion for reconsideration of the Court's Order denying leave to proceed under pseudonym (Doc. No. 81) is **DENIED**. On or before September 2, 2025, Plaintiffs shall file an amended complaint in Case No. 3:24-cv-01284 naming themselves by legal name. The Clerk of Court is **DIRECTED** to update the case caption at that time.

4. Magistrate Judge Newbern's March 27, 2025 Order (Doc. No. 51) has been affirmed (*see* Order, Doc. No. 78), and the motion for reconsideration denied. Accordingly, Plaintiff's motions to expedite consideration of the motion for review (Doc. No. 54) and Plaintiff's motion to stay enforcement of the Magistrate Judge's Order pending review by the District Judge (Doc. No. 56) are **DENIED AS MOOT**. The Clerk shall unseal the relevant filings as directed in the March 27, 2025 Order.

5. Plaintiff's motions to seal (Doc. Nos. 58, 75, 80) are **GRANTED IN PART** and **DENIED IN PART** as follows:

a. The motion to seal Docket Entry 59 is **GRANTED**. This document will be maintained under seal.

b. The motion to seal Docket Entry 76 is **GRANTED IN PART** and **DENIED IN PART**. On or before September 2, 2025, Plaintiff shall file the Declaration publicly on the record. The attachments to the declaration may remain under seal. The unsealed declaration shall be captioned on the docket "Declaration previously filed under seal at Docket Entry 76."

c. The motion to seal the Amended Complaint (Doc. No. 85) is **DENIED**. The Clerk is directed to unseal the Amended Complaint filed at Docket Entry 85. As stated above, Plaintiffs will file a new amended complaint with their legal names which will also be available on the public record.

d. The motion to seal Plaintiffs' Motion for Reconsideration and Memorandum (Doc. Nos. 81, 82) is **DENIED**. The Clerk shall unseal Docket Entries 81 and 82.

e. The motion to seal Plaintiffs' Declarations (Doc. Nos. 83, 84) is **DENIED**. The Clerk shall unseal Docket Entries 83 and 84.

6. Plaintiff's motion for temporary equitable relief (Doc. No. 68) is **DENIED**.

7. Defendant Brooks' Motion to Have Plaintiff Declared a Vexatious Litigant (Doc. No. 71) is **DENIED**.

8. Because Plaintiffs have filed an amended complaint and will further amend the complaint with their legal names, all motions related to the original complaint are **MOOT**. These include: Defendant Brooks' Motion to Dismiss (Doc. No. 27), Plaintiff's Motion to Obtain a Certified Copy of the Complaint (Doc. No. 31); Plaintiff's Motion to Receive Copies

Respondent's Filed Documents (Doc. No. 33)[4]; Plaintiff's Emergency Motion to Strike Defendant's Motion to Dismiss (Doc. No. 45); and Plaintiff's Notice concerning receipt of Defendant's documents and request for extension of time to respond to the motion to dismiss (Doc. No. 52).

9. Defendant Brooks' motion for an extension of time to file an answer to the amended complaint (Doc. No. 87) is **GRANTED**. However, because Plaintiffs will file an amended complaint with their legal names, Defendants need not respond to the Amended Complaint filed on August 5, 2025 (Doc. No. 87). Instead, Defendants shall respond to the amended complaint that will be filed with Plaintiffs legal names in the time required by the Rules of Civil Procedure.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's Notice (Doc. No. 52) states that the documents at issue were received by Plaintiff via U.S. Mail on March 28, 2025. The Court notes that this date is months after they were filed electronically. Plaintiff contends that the delay is evidence of bad faith conduct on the part of Brooks. The Court declines to make such an inference. Moreover, the Court did not consider the motion to dismiss without Plaintiffs having an opportunity to respond, they have suffered no prejudice.