IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KOTI REDDY THIYYAGOORA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | NO. 3:24-cv-01284 |
| v. | ) |  |
|  | ) | JUDGE CAMPBELL |
| BROOKS AUTOMATION US LLC, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Pending before the Court is a Motion for Temporary Restraining Order filed by Plaintiff Koti Reddy Thiyyagoora. (Doc. No. 98). Plaintiff certifies that "efforts to notify Defendants were made" by email on September 24, 2025, and that immediate and irreparable harm will result before Defendants can be heard. (*Id*).

For the reasons stated below, Plaintiff's Motion for a Temporary Restraining Order is **DENIED**.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 65(b) requires that temporary restraining orders may issue without written or oral notice to the adverse party only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(B); *see also*, Local Rule 65.01.

If the moving party has satisfied these requirements, to determine whether a temporary restraining order should issue, the Court considers: (1) the plaintiff's likelihood of success on the

merits; (2) whether the plaintiff will suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See e.g.*, *Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017). The plaintiff bears the burden of demonstrating its entitlement to a TRO, and this burden is a heavy one. Injunctive relief is an "extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

## II. ANALYSIS

Through the motion Plaintiff seeks an order prohibiting Brooks Automation US LLC and Skillsoft Corporation from terminating the employment of his spouse. In support of the Motion, Plaintiff states that his spouse disclosed her green card status to Skillsoft Corporation for internal recordkeeping purposes in April 2025. On June 12, 2025, an attorney for Brook Automation US LLC referenced his spouse's green card status in a federal court filing. Plaintiff contends this filing "indicates improper coordination and immigration information sharing between Skillsoft Corporation and Brooks Automation.

Plaintiff states that between March and September 2025 his spouse "experienced retaliatory measures at Skillsoft." Plaintiff argues that the claims under 42 U.S.C. § 1985(2) & (3) (conspiracy to intimidate witnesses/parties) are plausible, and that Defendants have waived any challenges to this claim. Plaintiff states that on September 19, 2025, Skillsoft served his spouse a separation notice indicating that her role was being eliminated effective September 30, 2025. (Doc. No. 99 at ¶ 5). Plaintiff believes the separation notice was in retaliation for protected activity, including for participation in this litigation. (*Id*.). Plaintiff states that the stress resulting from the separation notice has exacerbated the spouse's medical condition and that the termination poses "immediate

risks to immigration stability, **health-insurance coverage**, and [the] spouse's **ability to remain in the United States**, causing **irreparable harm** to [their] family." (*Id*. at ¶¶ 6-7) (emphasis in original).

The procedural history of this case is lengthy and somewhat complicated and need not be detailed here. However, for purposes of this motion, it is important to note that Plaintiff's spouse, who filed a notice of voluntary dismissal of her claims in this action (*see* Doc. No. 90), is no longer a party. The spouse's current employer, Skillsoft Corporation, is also not a party in this case. Brooks Automation US LLC, which is a party, has not employed Plaintiff's spouse since March 2023. (*See* Amended Complaint, Doc. No. 85 at ¶ 32).

There are many reasons why the motion for temporary restraining order must be denied. As an initial matter, the Court questions whether Plaintiff has standing to assert claims for violation of the spouse's rights. To establish standing, a plaintiff must demonstrate (i) that he or she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief. *Food and Drug Admin. v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 380 (2024). There is a "general prohibition on a litigant's raising another person's legal rights[.]" *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 572 U.S. 118 (2014) (citations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975) (explaining that "[a] federal court's jurisdiction [] can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'").

Second, the Plaintiff seeks to enjoin the conduct of Skillsoft Corporation, which is not a party to this case. Therefore, any order would be ineffective in preventing the alleged irreparable harm.

3

Finally, the Court is not persuaded that Plaintiff has shown a likelihood of success on the merits of the claim under 42 U.S.C. § 1985 and 8 U.S.C. § 1324b(a)(5). According to Plaintiff, the fact that Brooks Automation referenced the green card status of Plaintiff's spouse in a filing in this case indicates improper coordination and sharing of non-public information between Brooks and Skillsoft such that Skillsoft's termination of Plaintiff's spouse should be viewed as retaliation for participation in this litigation and other protected activities.

Plaintiff's own declaration suggests this conclusion is misguided. For one thing, Plaintiff states that the spouse provided Skillsoft information about her green card status in March 2025, which is months before the alleged improper disclosure by Brooks Automation. Moreover, the Court finds no cause to attribute improper motivation to Brooks Automation's reference to Plaintiff's spouse's green card status in a court filing on June 12, 2025. The filing is Brooks Automation's response to a motion for preliminary injunction filed by Plaintiff's spouse (who was then the named plaintiff) that complained that Brooks "**halted her green card process**" (*see* Doc. No. 69 at PageID# 734). Nothing in this course of conduct suggest that Brooks Automation is coordinating with Skillsoft Corporation or that either of them have engaged in unlawful retaliation.

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion for Temporary Injunction (Doc. No. 98) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE