| | |
|---|---|
| JANE DOE 2,<br><br>    Plaintiff,<br><br>v.<br><br>BROOKS AUTOMATION US LLC,<br><br>    Defendant. | Case No. 3:24-cv-01284<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Luke A. Evans |

## MEMORANDUM ORDER

Pending before the Court are Jane Doe 2's[1] ("Thiyyagoora") expedited motion for extension of time to file an amended complaint, clarification regarding service of summonses, and for a narrowly tailored protective order (Doc. No. 91), as well as a motion for leave to file exhibit 2 under seal (Doc. No. 96). Defendants responded to docket entry 91 but have not filed a response to docket entry 96. For the reasons that follow, Thiyyagoora's motion for additional time is granted in part and denied in part and the motion for leave to file exhibit 2 under seal is denied.

## I.    Relevant Background

This employment discrimination action arises out of pro se Plaintiff Jane Doe 1's ("Doe") employment with Defendant Brooks Automation US, LLC ("Brooks"). (Doc. No. 1.) Doe initiated this action on October 28, 2024, by filing a pro se complaint against Brooks alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, the Americans with Disabilities Act of 1990 ("ADA"), *id.* §§ 12112–12117, federal immigration and labor laws, and Massachusetts state law. (Doc. No. 1.) Doe had previously

---

[1]    Jane Doe 2 is identified in the instant motions as Koti Reddy Thiyyagoora. (Doc. No. 91.)

filed suit in this Court requesting a Writ of Mandamus instructing the U.S. Department of Justice to investigate the Equal Employment Opportunity Commission ("EEOC") for alleged misconduct in investigating Doe's claims against Brooks and its employees. *Doe v. Off. of Inspector Gen. et al.,* Case No. 3:24-cv-01220 (M.D. Tenn. Oct. 11, 2024) ("Case 1220").

Doe alleges that, while working at Brooks, she "experienc[ed] targeted harassment and discrimination based on her gender, national origin, and physical disability[.]" (*Id.* at 7, ¶ 14.) Specifically, she asserts Title VII and ADA claims based on alleged gender discrimination in Brooks's hiring practices, retaliatory reassignment of her work responsibilities, verbal harassment, exclusion from a group photo due to her disability, and reputational harassment and defamation. (Doc. No. 1.) Doe alleges that she "was coerced into accepting the terms" of a "'garden leave'" "to avoid forfeiting her annual bonus and risking her work visa status." (*Id.* at 7–8, ¶ 17.) She further alleges that Brooks "delayed [her] green card process and ultimately halted it in retaliation for [Doe's] engagement in [ ] activities" protected by federal law. (*Id.* at 9, ¶ 22.) Doe states that Brooks "forced termination" of her employment and that her manager and another employee continued to defame her after her employment with Brooks ended. (*Id.* at 9–10.) Her complaint seeks compensatory and punitive damages and injunctive relief. (Doc. No. 1.)

Throughout this litigation, Doe has unsuccessfully persisted in her efforts to prosecute this case under a pseudonym and under seal. (Doc. Nos. 51, 64, 78.) Doe also moved to add her spouse, Thiyyagoora, as a co-plaintiff. (Doc. No. 32.) On July 15, 2025, the Court ordered Plaintiff to file an amended complaint that identified herself and any other plaintiff with all causes of action that she sought to pursue. (Doc. Nos. 51, 79.)  On July 28, 2025, Plaintiff filed an amended complaint but failed to identify herself and her spouse. (Doc. No. 85.) Bringing new causes of action, Thiyyagoora claims immigration-related harm, emotional distress, and loss of consortium because

2

of the alleged discrimination and other unlawful conduct against Doe. (*Id.*) The amended complaint also included the following defendants: Brooks; Firas Almahamid (Brooks's Chief Information Officer); Massimo Trambaioli (Senior Director at Brooks); David Brinkmann (Senior Director for Brooks's Human Resources Department); Emma Woodthorpe (Chief People Officer); Feng K. An (employee at the EEOC's Boston office), and Nicole Butler (same). (*Id.*)

Subsequently, Plaintiff filed a motion in the aforementioned Case 1220 to consolidate that action with the instant action before the Court. (Doc. No. 89; Case 1220, Doc. No. 50.) The Court granted the motion on August 11, 2025, and dismissed Case 1220. Additionally, the Court considered pending motions predating Plaintiffs' amended complaint, as well as issues Plaintiffs raised at the same time Doe filed the amended complaint. (Doc. No. 89 at 2 n.2.) There, the Court denied Doe's request for reconsideration of the Magistrate Judge's orders denying Doe leave to proceed under a pseudonym and her requests to file documents under seal and for preliminary equitable relief. (*Id.*) Most importantly for the instant pending motions, the Court determined that the amended complaint must be unsealed and ordered the following:

> b. The motion to seal Docket Entry 76 is **GRANTED IN PART** and **DENIED IN PART**. On or before September 2, 2025, Plaintiff shall file the Declaration publicly on the record. The attachments to the declaration may remain under seal. The unsealed declaration shall be captioned on the docket "Declaration previously filed under seal at Docket Entry 76."
>
> c. The motion to seal the Amended Complaint (Doc. No. 85) is **DENIED**. The Clerk is directed to unseal the Amended Complaint filed at Docket Entry 85. As stated above, Plaintiffs will file a new amended complaint with their legal names which will also be available on the public record.
>
> d. The motion to seal Plaintiffs' Motion for Reconsideration and Memorandum (Doc. Nos. 81, 82) is **DENIED**. The Clerk shall unseal Docket Entries 81 and 82.
>
> e. The motion to seal Plaintiffs' Declarations (Doc. Nos. 83, 84) is **DENIED**. The Clerk shall unseal Docket Entries 83 and 84.

(*Id.* at 13.)

The Court's order ultimately directs Plaintiffs to file their amended complaint found at docket entry 85 as-is, with the exception that they file the complaint in their legal names. (Doc. No. 89.) Consequently, the Court advised Defendants not to respond to Plaintiffs' July 28, 2025 motion to amend[2] and to instead wait until Plaintiff filed the amended complaint to be filed with Plaintiffs' legal names. (*Id.*)

On August 29, 2025, Doe filed a notice of voluntary dismissal that was limited only to her claims and not the Thiyyagoora's claims. (Doc. No. 90.) Thiyyagoora timely sought an extension of time to file an amended complaint as ordered by the Court, citing his recovery from a viral infection, Doe's medical appointments throughout September 2025, and other health considerations. (Doc. No. 91.) Defendants filed a response in opposition to Thiyyagoora's motion (Doc. No. 93) and Thiyyagoora filed an optional reply (Doc. No. 95).

## II.      Legal Standards

In his first outstanding motion, Thiyyagoora requests three distinct items from the Court: clarification as to the sufficiency of service for both the federal employee defendants and the private individual defendants; a protective order under Federal Rule of Civil Procedure 26(c)(1) prohibiting Brooks from tampering with records, tampering with witnesses, interfering with the preservation of evidence, and sealing the identifies of victims and witnesses; and additional time to file his amended complaint for good cause under Rule 6(b)(1)(A). (Doc. No. 91.) Defendants oppose the motion as a whole. (Doc. No. 93.) The relevant legal standards are set forth below.

---

[2]      The Court in its August 11, 2025 memorandum and order cited docket entry 87 filed on August 5, 2025, as the amended complaint Plaintiffs' renewed amended complaint would be replacing. (Doc. No. 89.) However, the docket reflects that the amended complaint in question was filed on July 28, 2025, and is found at docket entry 85.

### A. Motion for Clarification Regarding Service of Process

Neither the Clerk's Office and its employees nor the Courts are empowered to provide legal advice to the parties. *Burke v. Morgan,* Civil Action No. 06–CV–348, 2009 WL 1598420, *4 (E.D. Ky. June 4, 2009); M.D. Tenn. R. 77.02.

### B. Protective Order and Motion to File Under Seal

To sustain a protective order under Rule 26(c), the moving party must show "good cause" for protection from one (or more) harms identified in Rule 26(c)(1)(A) "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citations omitted). The enumerated harms available to support a protective order are "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause exists if "specific prejudice or harm will result" from the absence of a protective order. *Father M. v. Various Tort Claimants* (*In re Roman Catholic Archbishop*), 661 F.3d 417, 424 (9th Cir. 2011). A court must balance the "right to discovery with the need to prevent 'fishing expeditions.'" *Serrano*, 699 F.3d at 902 (citations omitted). "The burden of establishing good cause for a protective order rests with the movant." *Houser v. PowerDot, Inc.*, No. 1:21CV915, 2024 WL 1990873, at *5 (N.D. Ohio May 6, 2024). "To show good cause, a movant for a protective order must articulate specific facts showing a 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.*

Motions for leave to file documents under seal must be considered in light of the "'strong presumption'" that court records be open to public review. *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179). This presumption of openness rests on the idea that, among other things, "the public is entitled to assess for itself the merits of judicial decisions" and has a strong interest in viewing

5

the evidence and arguments on which courts base those decisions. *Id.* A party seeking to seal court documents therefore bears a heavy burden: "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). In general, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access." M.D. Tenn. R. 5.03(a) (contents of motion to seal). The party seeking to seal all or part of a record "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also* M.D. Tenn. R. 5.03(a) (requiring that motions to seal "specifically analyz[e] in detail, document by document, the propriety of secrecy, providing factual support and legal citations").

> ### C. Extension of Time to File Amended Complaint

Federal Rule of Civil Procedure 6 provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1)(A).

## III. Analysis

> ### A. Thiyyagoora's expedited motion for extension of time, clarification regarding summons, and narrowly tailored protective order (Doc. No. 91.)

> #### 1. Clarification

Thiyyagoora first asks the Court for clarification "[r]egarding [f]ederal [d]efendants" and "[r]egarding [p]rivate [i]ndividual [d]efendants[.]" (Doc. No. 91 at 1.) Both inquiries appear to be questions surrounding how to effect proper service on the two categories of defendants. It is not

6

appropriate for the Court to advise Thiyyagoora on the matter. Courts are not permitted to give litigants legal advice. *Andwan v. Vill. of Greenhills, Ohio*, No. 1:13CV624, 2018 WL 1531487, at *2 (S.D. Ohio Mar. 29, 2018); *Burk,* 2009 WL 1598420, *4 ("Specific federal rules govern the discovery process in federal courts. This Court is not empowered either to dispense legal advice to parties, or to practice their case on their behalf."); *Franklin v. Palmer*, No. 04-71235, 2009 WL 426302, at *1 (E.D. Mich. Feb. 20, 2009) (Robert Cleland, J.) ("Petitioner requests information as to 'any avenues for possible relief.' This fairly vague request may be seeking generalized legal advice[,] which the court will not provide."); *Hershey v. Carlson*, No. 1:07-cv-906, 2007 WL 3003172, *1 (W.D. Mich. Oct.11, 2007) (Gordon Quist, J.) ("The Court may not provide legal advice to litigants.").

Additionally, Plaintiff filed proof of service on September 2, 2025, showing that the Middlesex County, Massachusetts Sheriff's Office served the summonses and copies of the amended complaint on two defendants on August 20, 2025. (Doc. No. 92.) So, while it is not entirely clear whether Thiyyagoora still seeks clarification, the Court advises him that resources for pro se litigants can be found on the Court's website, including information pertaining to service of process.[3] The Court further directs Thiyyagoora's attention to the Federal Rules of Civil procedure for further guidance.

### 2. Protective order

Thiyyagoora next seeks a protective order pursuant to Rule 26(c)(1). (Doc. No. 91 at 3.) He claims that Brooks Automation has engaged in various misdeeds, including: tampering with evidence and intimidation of victims and witnesses. (*Id.*) Thiyyagoora asks the Court to issue a

---

[3]     Pro se self-help resources can be found at https://www.tnmd.uscourts.gov/pro-se-nonprisoner-litigation-self-help-resources.

protective order that prohibits such action and to "protect the identities of victim and witnesses from public disclosure." (*Id.*)

Here, the Court finds that Thiyyagoora has failed to meet his burden of showing there is good cause for a protective order. Thiyyagoora has failed to show he risks annoyance, embarrassment, oppression, or undue burden or expense absent a protective order and instead speculates that he or other unnamed individuals could suffer such harms if his request is not granted. (Doc. No. 91.) Because Thiyyagoora offers no more than conclusory statements that some harm could occur, the Court finds he has not met his burden and the request is denied.

### 3. Extension of time

The last of Thiyyagoora's requests in his "expedited motion" (Doc. No. 91) asks the Court to extend the deadline for filing his amended complaint pursuant to Rule 6(b)(1)(A). He contends that there is good cause because he was impacted by a viral infection and has been caring for his spouse, Doe. Thiyyagoora requested an extension (Doc. No. 91) on the September 2, 2025 deadline for filing the amended complaint previously set by the Court (Doc. No. 89) and the Court finds good cause to permit Thiyyagoora additional time to file an amended complaint consistent with the Court's earlier instruction. However, the amended complaint must also reflect the nature of the suit since Doe voluntarily dismissed her claims on August 29, 2025.

On this point, the parties go to great lengths in arguing over the permissibility of Thiyyagoora "reinstating" Doe's claims. (Doc. Nos. 93, 95.) However, that issue was not before the Court when Thiyyagoora moved for additional time to file an amended complaint. In keeping with the spirit and intent of the Court's August 11, 2025 order, Thiyyagoora will be permitted an additional fourteen (14) days to file an amended complaint in his legal name, which will be public information, that includes only his active claims. Doe had not yet filed her notice of voluntary

dismissal when the Court issued its order, but the Court's intent was to permit then-Plaintiffs time to submit their previously approved amended complaint from July 28, 2025 (Doc. No. 85), with their legal names affixed to the caption.

Insofar as Thiyyagoora seeks an extension of time to file an amended complaint in compliance with the Court's previous order, the motion is granted. However, Thiyyagoora is instructed to include only active claims, i.e., his claims, and his legal name.

**B.    Thiyyagoora's motion for leave to file exhibit 2 under seal (Doc. No. 97)**

Thiyyagoora's motion for leave to file documents under seal asks the Court to seal exhibit 2, which includes "sensitive medical records and health insurance claim documentation pertaining to [his] spouse (Doc. No. 96.) His motion claims that said exhibit is "directly relevant to his motion to extend." (*Id.*) "Courts in this circuit recognize that 'plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had.'" *Chibbaro v. Everett*, Case No. 3:20-cv-00663, 2022 WL 20402877, at *3 (M.D. Tenn. Mar. 23, 2022) (quoting *Tyson v. Regency Nursing, LLC*, CIV. ACTION NO. 3:17-CV-91, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018)); *see also Mullins v. Toyota Motor Mfg.*, 28 F. App'x 479, 480 (6th Cir. 2002) (holding that employment discrimination plaintiff "plac[ed] his mental or psychological state at issue" by filing lawsuit "claiming that he had a mental or psychological disability and that he was discharged by [defendant] in violation of the ADA"); *L.S.D. v. Genesee Cnty. Cmty. Health*, Civ. Case No. 05-71844, 2005 WL 8155384, at *3 (E.D. Mich. Dec. 28, 2005) (quoting *Butler v. Burroughs Wellcome, Inc.*, 920 F. Supp. 90, 92 (E.D.N.C. 1996), for the proposition "that '[e]lements of a claim under the ADA touch upon the most private and intimate details of a plaintiff's life'" and "ADA plaintiffs . . . waive all privileges and privacy interests related to their claim by virtue of filing the complaint" (first alteration in original)). As this Court previously found, Doe, and now Thiyyagoora, have placed Doe's information at issue

by filing ADA claims for disability-related discrimination. Moreover, Thiyyagoora thoroughly describes Doe's medical information in his motion. Accordingly, the sealing of exhibit 2 is not warranted.

In requesting exhibit 2 be sealed in its entirety, Thiyyagoora fails to provide the necessary detailed, item-by-item analysis complete with legal citations that is required by Sixth Circuit precedent and this Court's Local Rules to justify permitting parties from filing documents under seal. *See Shane Grp.*, 825 F.3d at 305–06; M.D. Tenn. R. 5.03(a) (contents of motion to seal). Instead, he provides only conclusory statements alleging "unnecessary stigma" and "further retaliation" if the information is disclosed. (Doc. No. 96 at 1.) This argument is nothing more than a repackaging of Plaintiffs' prior arguments for sealing documents and thus Thiyyagoora has not met the standard required to seal exhibit 2.

IV.     **Conclusion**

For these reasons, Thiyyagoora's motion for an extension of time, clarification regarding summonses, and for a narrowly tailored protective order (Doc. No. 91) is GRANTED IN PART and DENIED IN PART. Thiyyagoora's requests for clarification and an order of protection are DENIED, while his request for an extension of time to file his amended complaint is GRANTED. Thiyyagoora's motion for leave to file exhibit 2 under seal (Doc. No. 96) is DENIED

Thiyyagoora is ORDERED to file an amended complaint consistent with the Court's orders within fourteen (14) days of the filing of this Order.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge