ORDER:
The motion is GRANTED.

Luke A. Evans
U.S. Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

**KOTI REDDY THIYYAGOORA,**

**Plaintiff,**

**v.**

**BROOKS AUTOMATION US, LLC, *et al.*,**

**Defendants.**

**Case No. 3:24-CV-1284**

**Chief Judge William L. Campbell, Jr.**

**Magistrate Judge Luke A. Evans**

## <u>DEFENDANTS' MOTION FOR LEAVE TO RETROACTIVELY EXCEED THE PAGE LIMIT IN THEIR MOTION TO DISMISS THE AMENDED COMPLAINT</u>

Defendants Firas Almahamid ("Mr. Almahamid"), Massimo Trambaioli ("Mr. Trambaoli"), David Brinkmann ("Mr. Brinkmann") and Emma Woodthorpe ("Ms. Woodthorpe") (collectively "Individual Defendants") by and through undersigned counsel, respectfully submit this motion to retroactively exceed the 25-page limit for Motions and Corresponding Memorandum found in Rule 7.01(a)(1) of the Loal Rules in support of their Motion to Dismiss Plaintiff, Koti Reddy Thiyyagoora's ("Plaintiff") Amended Complaint.

1. On April 6, 2026, Plaintiff filed the now operative Amended Complaint against the Individual Defendants and Brooks Automation US, LLC ("Brooks"). In the Amended Complaint, Plaintiff alleges: (1) loss of consortium under Tennessee or Massachusetts state law; (2) civil conspiracy to obstruct federal proceedings under 42 U.S.C. §§ 1985(2), (3) and Massachusetts state law; and (3) forced labor and coercion under 18 U.S.C. §§ 1589, 1595. (Apr. 6, 2026 Am. Compl., ECF No. 104.)

2. On April 23, 2026, the Individual Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint in its entirety and a corresponding Memorandum of Law in

Support. (Apr. 23, 2026, Defs. Motion to Dismiss and Mem. in Supp. of Mot. to Dismiss, ECF 108, 019)

3.	The Individual Defendants' Motion and corresponding Memorandum totaled 36 pages.

4.	Local Rule 7.01(a)(2) limits Motions and Supporting Memorandum to twenty-five pages.[1]

5.	The Individual Defendants retroactively seek leave of this Court to exceed the page limit prescribed by the local rules by eleven pages. This Request is made as it was necessary for the Individual Defendants to address both the merits of Plaintiff's allegations, and also address the procedural issues, relevant only to the Individual Defendants.

6.	Specifically, the substantive allegations in the Amended Complaint were far reaching and convoluted given Plaintiff's pro se status and knowing that courts are required to liberally construe pro se complaints, the Individual Defendants needed to ensure they fully responded to the merits of Plaintiff's allegations.

7.	Separately, the Individual Defendants were required to address procedural deficiencies in both Plaintiff's Amended Complaint as well as Plaintiff's various filings with the Court seeking to deem service of the various versions of his complaint effective on the Individual Defendants. Each individual was required to address the fact that this Court lacks personal jurisdiction over any of them and also address Plaintiff's failure to properly serve the Amended Complaint.

---

[1] Local Rule 7.03(a) makes clear the pages must be double-spaced, in 12-point font.

8.      It was necessary for the Individual Defendants to exceed the page limit to ensure a fulsome response to the allegations outlined in Plaintiff's Amended Complaint to better assist the Court in swiftly adjudicating the matter.

9.      The Individual Defendants inadvertently failed to seek leave in conjunction with their initial filing.

10.      Plaintiff was not prejudiced by the Individual Defendants exceeding the page limit prescribed in the Local Rules. Indeed, with respect to addressing the merits of Plaintiff's Amended Complaint, the bulk of the Individual Defendants' Motion largely relied upon the same facts and arguments as Brooks' earlier filed motion. The Individual Defendants' arguments outlining the Court's lack of personal jurisdiction and Plaintiff's failure to properly serve the Individual Defendants, make up less than half of the Individual Defendants' Motion, and if taken on their own are well within the twenty-five page limit. Thus, Plaintiff was not overburdened with an excessive number of additional pages to review and respond to in his Opposition as the procedural arguments were the only new arguments that Plaintiff had not already received in Brooks' Motion.

11.      Although Plaintiff was not prejudiced by the Individual Defendants' additional pages, because the filing did exceed the twenty-five page limit, the Individual Defendants' do not oppose Plaintiff exceeding the page number limitation in his Opposition, despite his failure to seek leave for doing so.[2]

---

[2] Plaintiff's Opposition is 20-pages, and is either single spaced or spaced at 1.5, which goes against the requirement that filings be double-spaced. If Plaintiff's filing were properly formatted in compliance with the Local Rules, it too would exceed the page-limits contemplated by the rules, by potentially fifteen pages.

For the foregoing reasons, the Individual Defendants respectfully request the Court retroactively grant their Motion for Leave to Exceed the Page Limit prescribed by the Local Rules and consider their Motion and Memorandum of Law in Support of the Motion in its entirety.

Dated: May 11, 2026

Respectfully submitted,

**LITTLER MENDELSON, P.C.**

*/s/ Michael S. Moschel*
Michael S. Moschel (Bar No. 016826)
mmoschel@littler.com
333 Commerce Street, Suite 1450
Nashville, Tennessee 37201
Telephone: (615) 514-4124
Facsimile: (615) 250-4862

Ethan D. Balsam (*Admitted pro hac vice*)
ebalsam@littler.com
Morgan Kinney (*Admitted pro hac vice*)
mkinney@littler.com
815 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20006
Telephone: (202) 842-3400
Facsimile: (202) 841.0011

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May, 2026, the foregoing was filed electronically using the ECF system and served on the following individual via U.S. regular mail:

Koti Reddy Thiyyagoora
6300 Tower Circle
Apt. 374
Franklin, TN 37067

*Pro Se Plaintiff*

*/s/ Michael S. Moschel*
Michael S. Moschel

5