**FIN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF TENNESSEE**

**NASHVILLE DIVISION**

| | |
|---|---|
| KOTI REDDY THIYYAGOORA, | **Case No. 3:24-cv-01284** |
| *Plaintiff,* | Chief Judge William L. Campbell, Jr. |
| v. | |
| Brooks Automation US LLC; | Magistrate Judge Luke A. Evans |
| Firas Almahamid; Massimo Trambaioli; | |
| David Brinkmann, Emma Woodthorpe, | |
|     *Defendants.* | |

_____

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PRESERVE THE STATUS QUO, PROTECT DUE PROCESS, AND PREVENT IMMIGRATION HARM

Plaintiff Koti Reddy Thiyyagoora respectfully moves for a temporary restraining order to preserve the status quo on immigration and prevent imminent irreparable harm pending resolution of this action.

Absent relief from this Court, Plaintiff will suffer irreparable harm, including loss of immigration status, loss of lawful work authorization, and denial of meaningful judicial process before the Court can resolve the claims already before it. The record further reflects that DOJ IER previously

1

provided related protection and referred this matter to the EEOC, underscoring the seriousness of the retaliation and due process concerns (see.Doc. 59) (Exhibit E). Under Title VII's zone of interests, retaliation against a third party closely associated with a complainant to punish that complainant's protected activity is actionable. *Thompson v. North American Stainless, LP*, 562 U.S. 170, 178 (2011) (the Court held that Title VII's zone of interests encompasses retaliation against third parties designed to injure the complainant)[1].

Plaintiff is a closely associated third party whose immigration circumstances were affected by the same retaliatory conduct giving rise to this action. That conduct created immediate pressure on Plaintiff and interfered with the ability to pursue protected activity and litigate this case.

## I. JURISDICTIONAL BASIS AND PLAINTIFF'S OWN STANDING

Plaintiff Koti Reddy Thiyyagoora has clear Article III standing rooted in his own direct injury. Plaintiff's H-4 EAD, issued pursuant to 8 C.F.R. § 274a.12(c)(26), conditions Plaintiff's own work authorization(Exhibit D). Plaintiff has suffered: (i) actual injury in fact loss of his own federal work authorization and resulting income; (ii) direct causation Brooks' retaliation; and (iii) redressability this Court can preserve the status quo. See *Food & Drug Admin. v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 380 (2024).

## II. FACTUAL BACKGROUND & TIMELINE

---

[1] Section 1589(a)(3) prohibits obtaining labor or services by "the abuse or threatened abuse of law or legal process," and § 1589(c)(1) defines that phrase to include legal process used "in any manner or for any purpose for which the law was not designed, in order to exert pressure on **another person**." 18 U.S.C. § 1589(a)(3), (c)(1).

The statute expressly reaches coercive use of legal process to exert pressure on **"another person."** 18 U.S.C. § 1589(c)(1).

A. Spouse's Voluntary Disclosure to Skillsoft (March 2025) In March 2025, Plaintiff's Spouse, then employed by Skillsoft, voluntarily disclosed her immigration status to Skillsoft's human resources department during ordinary HR operations. This disclosure was routine and innocent a standard communication between employee and employer regarding immigration matters. At this point, Skillsoft obtained knowledge of Spouse's November 2024 I-140 filing and her current green card petition status.

B. Timeline of Coordination The facts establish the following timeline:

November 2024: I-140 petition filed by Plaintiff's spouse

March & April 2025: Spouse voluntarily discloses immigration status to Skillsoft

June 12, 2025: Brooks' counsel invokes "green card holder" status in litigation filing

This timeline demonstrates deliberate, coordinated weaponization of immigration information for litigation purposes.

"Defendants' knowledge derives exclusively from Skillsoft: (a) Plaintiff's spouse voluntarily disclosed her immigration status to Skillsoft HR in March 2025; (b) Skillsoft HR obtained the specific I-140 filing date (November 2024) and petition status at that time; (c) only six weeks later, on June 12, 2025, Defendants' counsel invoked 'green card holder' status with clinical precision in their litigation filing; (d) Defendants' counsel cannot access USCIS records independently; and (e) Defendants have never alleged any other source for this knowledge. This timeline permits only one inference under *Iqbal*: inter-employer coordination."

C. **The USCIS RFE:** On April 20, 2026, USCIS issued a RFE for Plaintiff's Form I-765 Application for Employment Authorization, with a mandatory, non-extendable response deadline

of July 16, 2026. This creates an impossible dilemma entirely of Defendants' making: Failing to respond by the non-extendable deadline likewise results in denial. Either outcome permanently extinguishes Plaintiff's own work authorization and immigration status while his civil damages claims are actively pending before this Court. A defendant may not exploit the consequences of its own alleged wrongful conduct to moot a plaintiff's pending claims.

**D. Critical: The Court's Own Prior Finding Now Confirmed.** This Court previously characterized the spouse's fears of retaliation as "too speculative at that time" in denying pseudonymity requests. Those fears have since materialized in their entirety: job loss, serious health complications exacerbating Post-Polio Syndrome, and the precise inter-employer coordination Plaintiff alleged.[2] When a court's own prior characterization of harms as "**speculative**" is subsequently proven accurate by events, those materialized facts become part of the judicial record and cannot be re-characterized as speculative in subsequent proceedings (Case 3:24-cv-01284 Doc. 89 at page 3). The Court's prior language implicitly acknowledged the plausibility of these harms; subsequent events have confirmed them.

**E. The Spouse as Material Witness.** Plaintiff's Spouse's testimony establishes: (1) Almahamid's personal animus and harassment worsening her medical condition; (2) the false statements in Brooks' EEOC response regarding the timeline for the green card exception; (3) the garden-leave coercion mechanism via visa threats (October 2022); (4) contemporaneous communications

---

[2] In Brooks' EEOC response, its attorneys stated that "the timeline established for required calls and documents needed in support of Ms. Kommepalli's **H-1B Visa** was established by the immigration team, not Mr. Almahamid," and that "in January 2022, it was Mr. Almahamid who approved an exception to the Company's Green Card Process which allowed Ms. Kommepalli to begin the Green Card Application prior to her completing one year of service with the Company." Brooks further stated that Mr. Almahamid "worked with HR to get clarity around Ms. Kommepalli's job description and ensure he was completing the documents correctly." Doc. 53-2 at PageID 644–45, 647.
On June 12, 2025, Defendant's counsel stated that "Plaintiff also claims that Brooks terminated a U.S. citizen employee in January 2025; however, she provides no additional details about the relevance to her allegations as a **green card holder**..." Doc. 70 at PageID 946

4

documenting retaliation; and (5) the termination decision's retaliatory timing relative to protected activity (May 2022 disclosure to DOJ IER). Her testimony is not merely cumulative; it is essential to Plaintiff's § 1589 and § 1985 claims.

Federal courts have inherent authority and an affirmative obligation to protect witnesses in their own proceedings from intimidation, retaliation, and coercive conduct designed to deter their testimony or cooperation with judicial process. See *Haddle v. Garrison*, 525 U.S. 121, 125 (1998) (§ 1985(2) provides a federal remedy when defendants conspire to injure witnesses in federal court proceedings; cognizable injury does not require property right); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (federal courts possess inherent power to protect the integrity of their proceedings and to sanction conduct that abuses the judicial process).

### III. ARGUMENT

**A. Standard of Review**

For a TRO under FRCP 65(b), Plaintiff must demonstrate: (1) likelihood of success on the merits; (2) irreparable harm; (3) balance of equities favoring Plaintiff; and (4) public interest served. *Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017). All four factors are satisfied.

**B. Plaintiff Has a Substantial Likelihood of Success on the Merits**

Plaintiff's claims under 18 U.S.C. §§ 1589 (c)(1)/1595, 42 U.S.C. § 1985 (conspiracy to obstruct federal proceedings and intimidate witnesses), and Title VII spousal retaliation. The DOL LCA filings showing 888 to 1,357 employees directly contradict the EEOC portal modification evidence of fraudulent concealment that tolls any limitations period.

## C. Plaintiff Will Suffer Irreparable Harm Without Relief

Loss of federal immigration constitutes irreparable harm as a matter of law. The Supreme Court has recognized that immigration status deprivations are categorically irreparable because they "cannot be undone" by any subsequent judicial order. ***Nken v. Holder*, 556 U.S. 418, 435 (2009)**. Plaintiff's ongoing income loss and career destruction similarly cannot be remedied post-judgment because the lost years of professional standing, business development, and earning capacity are not reducible to a precise damages' calculation a consequence itself attributable to Defendants' alleged wrongful conduct. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511-12 (6th Cir. 1992) (loss of career opportunities and professional relationships constitutes irreparable harm not compensable by money damages); *Michigan Coalition of Radioactive Material Users v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (harm is irreparable when monetary relief cannot restore the plaintiff's pre-deprivation position).

## D. The Balance of Equities Strongly Favors Plaintiff

The balance of equities strongly favors Plaintiff. The harm Plaintiff faces if this Court declines to act is concrete, immediate, and permanent. *See* 8 C.F.R. § 103.2(b)(8)(iv). If USCIS adjudicates before this Court resolves the underlying civil claims, the result is irreversible in two distinct ways: first, Plaintiff's own federal work authorization, over three years of accumulated income.

## E. The Public Interest Favors Relief

The public interest strongly favors relief on multiple independent grounds.

First, permitting a defendant to exploit immigration consequences of its own alleged wrongful conduct to extinguish a pending civil claim would reward precisely the visa coercion scheme 18

U.S.C. § 1589 was enacted to prevent. Section 1589(a)(3) specifically prohibits "abuse or threatened abuse of law or legal process" language that directly encompasses threats to withdraw visa sponsorship as a means of compelling compliance.

Second, the public interest is served by maintaining the integrity of the EEO-1 employee count records. The EEOC database modification evidence reducing Brooks employee count to fewer than 15 after litigation commenced directly affects current and former Brooks employees who seek to invoke Title VII. Correction of this record serves the public interest in equal employment law enforcement.

Third, A pattern in which Brooks Automation systematically preferred non-citizen foreign nationals over qualified U.S. citizen employees in senior roles a practice constituting citizenship and nationality discrimination. Multiple U.S. nationals (citizens) employees including a named U.S. citizen employee referred to as Jennifer in Plaintiff spouse's DOJ IER charge (whose position was threatened by the unlawful Tom Steels hiring directive) and Robert Dion (Senior Director was terminated in January 2025 to install a foreign national Mr. Massimo) have been adversely affected by this pattern. The public interest in deterring systematic citizenship and nationality status discrimination in employment, and in maintaining the integrity of federal EEO enforcement records, favors preserving the integrity of this Court's proceedings.

Fourth, the public interest in protecting access to justice for employees who face immigration-based coercion demands judicial action to protect the integrity of this proceeding. Federal courts have long recognized that coercive conduct designed to deter a party's access to judicial remedies threatens fundamental constitutional values. *NAACP v. Button*, **371 U.S. 415, 430-31 (1963)** (the right of access to courts may not be chilled by retaliatory or intimidatory conduct directed at litigants or their witnesses); *BE&K Construction Co. v. NLRB*, 536 U.S. 516, 536 (2002) (conduct

whose purpose is to deter access to legal processes implicates core access-to-courts principles). The ongoing immigration-based pressure directed at Plaintiff and his spouse as this Court's material witness falls squarely within the conduct these authorities protect against.

**F. This Court Has Inherent Authority to Protect Its Own Jurisdiction, Witnesses, and Proceedings**

Federal courts possess inherent equitable authority to prevent parties before them from taking actions that would render a final judgment meaningless, intimidate witnesses, or otherwise undermine the integrity of judicial proceedings. This authority exists independently of any statutory grant.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991): The Supreme Court confirmed that federal courts have inherent power to protect the integrity of their own proceedings and to sanction conduct including extra-judicial conduct that abuses the judicial process. The Court held this inherent authority survives alongside statutory remedies and may be invoked to prevent irreparable harm to the proceeding itself.

*Haddle v. Garrison*, 525 U.S. 121, 125 (1998): A unanimous Supreme Court held that § 1985(2) provides a federal cause of action for conspiracy to injure a person in retaliation for his attendance at or testimony in a federal court proceeding. The spouse, as the material witness in this proceeding, is entitled to this protection and retaliation against her directly injures Plaintiff's right to present evidence in this Court.

*Kush v. Rutledge*, 460 U.S. 719, 726 (1983): The first clause of 42 U.S.C. § 1985(2) which prohibits conspiracies to deter witnesses from attending or testifying in federal court proceedings requires no showing of class-based discriminatory animus. It is a direct protection of the federal

judicial process itself. The retaliatory conduct directed at the spouse as this Court's witness falls squarely within this clause.

Plaintiff does not challenge USCIS's regulatory authority. Plaintiff requests only that this Court: (1) preserve the status quo of its own active proceedings; (2) protect the material witness to Brooks' alleged conduct from ongoing immigration-based coercion; and (3) prevent parallel administrative proceedings to extinguish the claims this Court is adjudicating. These are paradigmatic exercises of inherent judicial authority. These are paradigmatic exercises of inherent judicial authority. See also *United States v. United Mine Workers*, 330 U.S. 258, 290 (1947) (courts have power to protect their jurisdiction against conduct designed to make final judgment impossible or meaningless).

## IV. CONCLUSION

This motion presents four independently sufficient grounds for relief: (1) Plaintiff's own direct standing to protect his own Immigration and EAD against an impossible dilemma created by Defendants; (2) the materialization of harms this Court previously characterized as speculative, now confirmed by the record; and (3) this Court's inherent authority under Chambers, Haddle, and Kush to protect its own jurisdiction, witnesses, and proceedings against ongoing retaliatory conduct. Plaintiff's spouse is a witness. The relief sought maintains the status quo while this Court resolves the core civil claims already before it.

## RELIEF REQUESTED

Plaintiff respectfully requests the following relief:

1. A Temporary Restraining Order and Preliminary Injunction staying any adverse USCIS action on **plaintiff's lawful** presence pending final resolution of the Amended Complaint (Doc. No. 104, Case No. 3:24-cv-01284) in this Court;

2. An order extending this Court's protection to Plaintiff and his spouse as a material witness in this proceeding against ongoing immigration-based retaliation. Specifically, Plaintiff requests that this Court declare that any adverse immigration consequence arising from the conspiracy alleged herein including loss of status caused by Defendants' retaliatory conduct constitutes a cognizable element of Plaintiff's damages in this action.

3. Plaintiff respectfully requests that this Court affirm its recognition of the DOJ IER SOI **(DJ Number ▇▇▇▇▇▇▇ DOC. 59)** and provide appropriate protective measures to ensure Plaintiff's full participation in these proceedings until their completion. Plaintiff further requests that this Court exercise its inherent authority to protect the integrity of these proceedings by either (a) affording Plaintiff robust victim and witness protection within the United States jurisdiction, or (b) in the alternative, permitting Plaintiff to participate fully in this action from Canada, should Plaintiff be compelled to relocate due to ongoing immigration-based coercion or fear of retaliation, without prejudice to any substantive or jurisdictional claims.

4. Such other and further miscellaneous relief as the Court deems just and proper to preserve the integrity of these proceedings and Plaintiff's ability to litigate his active claims without compounded irreparable injury from immigration harm.

Respectfully submitted,

*T. Koti Reddy*

Dated: May 17, 2026.

Koti Reddy Thiyyagoora.  Plaintiff, Pro Se.

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2026, I served a true and correct copy of the **foregoing Motion** upon the following parties via CM/ECF:

**Michael S. Moschel / Ethan D. Balsam / Morgan Kinney**

Littler Mendelson P.C., 333 Commerce Street, Suite 1450, Nashville, Tennessee 37201

(Attorneys for Defendant Brooks Automation US, LLC, **Firas Almahamid, Massimo Trambaioli, David Brinkmann, Emma Woodthorpe**)

Koti Reddy Thiyyagoora, Pro Se

11